### SMITH *v.* PEETS.

NEGLIGENCE—CAUSE OF ACCIDENT—CONJECTURE—DIRECTED VERDICT. In an action by a passenger for hire for personal injuries alleged to have been caused by defendant's allowing an inexperienced girl to drive the automobile in which plaintiff was riding, with the result that it was upset and plaintiff injured, a directed verdict for defendant is affirmed, on error, by a divided court, on the ground that plaintiff's testimony failed to bring the cause of the accident out of the realm of conjecture.

Error to Muskegon; Vanderwerp (John), J.    Submitted June 21, 1921.    (Docket No. 50.)    Decided February 8, 1922.

Case by Florence Smith against Sylvester Peets for personal injuries. Judgment for defendant on a directed verdict. Plaintiff brings error. Affirmed by a divided court.

*George C. Brown,* for appellant.

*William J. Branstrom* and *Charles B. Cross,* for appellee.

CLARK, J.   In defendant's automobile, plaintiff was a passenger for hire.   With her, in the rear seat, was her niece, Phoebe Davis, 15 years of age and without experience in driving automobiles.   Mr. Franston rode with defendant in the front seat..   During the trip, Phoebe wanted to drive the car.   Defendant, consenting, stopped the car.   Franston and Phoebe got out.   Phoebe took the driver's seat, defendant sitting beside her.   Franston sat with plaintiff.   Of this, plaintiff testified:

"*Q.* Did you know at that time that Phoebe Davis had never driven a car?
"*A.* Why, not to my knowledge, I never had.
"*Q.* She never had driven a car to your knowledge?
"*A.* No, sir.
"*Q.* You never saw her have hold of a wheel?
"*A.* No, sir.
"*Q.* What did you say at that time when they stopped the car and she got out?
"*A.* I said if she drove the car, I would walk.
"*Q.* What else did you say?
"*A.* I said she would have us all killed.
"*Q.* And you really believed that, did you?
"*A.* I thought something about it or I wouldn't have said that, because she was inexperienced.
"*Q.* And you knew she was inexperienced?
"*A.* I knew she was.   She was just a young kid.
"*Q.* You knew she had never driven a car before?
"*A.* No, sir.
"*Q.* At least you had never seen her drive a car?

"*A.* I had never seen her drive a car, no, sir.   Her father did not have a car; nor any of her people.

"*Q.* You didn't get out and walk, did you?

"*A.* No.

"*Q.* You stuck by the hind seat, didn't you?

"*A.* Yes, sir.   *   *   *   She took hold of the wheel and we proceeded.   We hadn't gone very far until she tipped us over, about three blocks as near as I can imagine."

Plaintiff was injured.   Of the cause of the accident plaintiff expressed the opinion that "she turned out too far" and said—

"She turned back into the road again to pass this large car and she turned out again and back into the road and when she turned back into the road the second time the car overturned."

Defendant's negligence was said to be the permitting the girl, inexperienced in driving, to drive the automobile.   When plaintiff rested, counsel for defendant made a motion for a directed verdict on the ground that no actionable negligence had been shown and that, in any event, plaintiff was guilty of contributory negligence as a matter of law.   A verdict was directed and judgment for defendant entered. This, plaintiff says, was error.

The record and the testimony quoted show that just after passing another automobile and turning back into the road, and while the girl, said to be without experience in driving, was driving, an accident happened, but they do not show that the driving of the girl, so permitted by defendant, was the proximate cause of plaintiff's injury—do not bring the cause of the accident out of the realm of conjecture.   Defendant's liability may not be assumed merely because an accident happened while this girl was driving.   No presumption of negligence is raised by the mere happening of an accident or proof of injury resulting

therefrom. *Massachusetts Bonding & Ins. Co.* v. *Park,* 197 Mich. 142; *Burghardt* v. *Railway,* 206 Mich. 545.

It is said that defendant made the statement that he was at fault for letting the girl drive the car. But this is an admission of a rule of law which the court is not bound to accept if satisfied that no right of action appears. See *City of Detroit* v. *Beckman,* 34 Mich. 125.

Rulings as to admission of evidence are questioned, but we find no reversible error.

Judgment affirmed.

FELLOWS, C. J., and STONE and SHARPE, JJ., concurred with CLARK, J.

MOORE, J. (*dissenting*). I do not agree with the conclusion reached by Justice CLARK. It is doubtless true that the modern automobile is one of the most wonderful and useful inventions of the age. No one agency has so contributed to the pleasure and enjoyment of so many people. In the hands of a competent, experienced driver it can be relied upon, ordinarily, to go where the driver wants it to go. It will not get frightened and shy. When in good order it will not balk and refuse to go. It will not back unless the driver desires it to do so. Its speed can be absolutely controlled when it is in good condition. It can be slowed down so as to accommodate itself to the exigencies of travel. It can be relied upon to travel rapidly when that is a desirable thing to do. On the other hand, the immense power which may be developed under the hood of the automobile makes it, in the hands of a reckless driver, a very dangerous machine. It is nearly as dangerous in the hands of an inexperienced person as when driven by a reckless driver. One cannot read his morning paper thoroughly without being impressed by the number of people

who are daily maimed for life, or who are ushered out of this life into the next because of the improper use of these powerful machines. It is probable that more serious injuries and deaths are caused by the reckless and incompetent use of automobiles and automobile trucks than by all other accidents combined. It ought to go without saying that, when the owner of an automobile, carrying a passenger for hire, turns the driving of the machine over to one who has never driven an automobile before, the very height of negligence is shown. See Berry on Automobiles (3d Ed.), pp. 15-17; *People* v. *Rosenheimer*, 209 N. Y. at p. 121 (102 N. E. 530, 46 L. R. A. [N. S.] 977, Ann. Cas. 1915A, 161); *Lauson* v. *Town of Fond du Lac*, 141 Wis. at p. 59 (123 N. W. 629, 25 L. R. A. [N. S.] 40, 135 Am. St. Rep. 30); *Scott* v. *O'Leary*, 157 Iowa, at p. 230 (138 N. W. 512); *Savoy* v. *McLeod*, 111 Me. 234 (88 Atl. 721, 48 L. R. A. [N. S.] 971); *Schoepper* v. *Hancock Chemical Co.*, 113 Mich. at p. 586; *Woods* v. *Chalmers Motor Co.*, 207 Mich. at p. 569.

When under these circumstances the machine, within three blocks, leaves the road twice and finally turns turtle, it is not difficult to trace the effect back to the cause, to wit, the inexperienced driver.

We now come to the other question: Was the plaintiff, who had agreed to pay the defendant $1.50 for a ride to Grand Rapids, guilty of contributory negligence as a matter of law, because she did not leave the machine? She was 27 miles from home. She was 5 miles from her destination. Should she get out and walk, or might she assume that, as the owner of the machine had been warned of the inexperience of the girl, he would heed the warning, or that he would sit by the side of her with his hands on the wheel so that the automobile would not get out of her control? I think the question of the negligence of the owner of the machine was for the jury. I also think

the question of contributory negligence was for the jury.

In my opinion the judgment should be reversed and a new trial ordered, with costs in favor of the plaintiff.

WIEST, BIRD, and STEERE, JJ., concurred with MOORE, J.