## LOUTHAIN v. HESSE.

1. TRIAL—COUNSEL HAVE RIGHT TO PREFER REQUESTS TO CHARGE.
    Counsel have the right to prefer requests to charge, and, when they state rules of law applicable to the facts presented by the proofs, they should be given, or the substance of them included in the charge as given.[1]

2. APPEAL AND ERROR—TRIAL—REQUESTS TO CHARGE.
    If the trial court fairly embodies requests to charge in his instructions, error will not lie upon the refusal to give the requests.[2]

3. NEGLIGENCE—MOTOR VEHICLES—DUTY OF DRIVERS APPROACHING AN INTERSECTION.
    Greater care should be exercised by drivers of automobiles on approaching an intersection, where other cars may be met, than on some other parts of the highway.[3]

4. APPEAL AND ERROR—MOTOR VEHICLES—ERROR NOT REVERSIBLE WHERE JURY NOT MISLED.
    Although the trial judge, in instructing the jury as to the duty of automobile drivers to have their cars under control on approaching an intersection, unfortunately added the words "as well as every other place upon the highway," said error was not reversible, where the relative rights and duties of the parties were presented in the charge as a whole in a manner that the jury could not have misunderstood.[4]

Error to Kent; Brown (William B.), J.    Submitted April 23, 1926.    (Docket No. 116.)    Decided June 7, 1926.    Rehearing denied July 21, 1926.

Case by Rose Louthain against Joseph J. Hesse for personal and other injuries.    Judgment for defendant.    Plaintiff brings error.    Affirmed.

[1]Trial, 38 Cyc. p. 1703; [2]Id., 38 Cyc. pp. 1705, 1711; [3]Motor Vehicles, 28 Cyc. p. 27; [4]Appeal and Error, 4 C. J. § 3014; Trial, 38 Cyc. pp. 1778, 1779.

Liability for collision between automobiles or automobile and other vehicle at or near corner of street or highway, see note in L. R. A. 1916A, 745.

*Jewell, Face & Messinger,* for appellant.

*Linsey, Shivel & Smedley,* for appellee.

SHARPE, J. An automobile driven by plaintiff's husband, and in which she was riding, and one driven by the defendant came into collision at the intersection of Logan street and Giddings avenue in the city of Grand Rapids. Plaintiff was injured. Alleging that the collision was caused by defendant's negligence, she brings this action to recover damages therefor, and also for damage done to the car in which she was riding, the claim for which had been assigned to her by her husband. The issue as to the defendant's negligence and that of her husband in driving his car was submitted to the jury. Defendant had verdict. Plaintiff reviews the judgment entered thereon by writ of error.

The assignments relate to the charge of the court, refusal to give requests preferred by plaintiff's counsel, and the denial of plaintiff's motion for a new trial based on such errors, and the claim that the verdict was against the great weight of the evidence.

Plaintiff's husband testified that he first saw defendant's car when "not over 20 feet; possibly less" from it. Defendant testified that he first saw the other car when "not over 10 or 12 feet away." Plaintiff's husband claims that he reached the intersection first, while defendant insists the two cars reached the intersection at "substantially the same time." Defendant's car was on plaintiff's right, and had the right of way at the intersection.

The relative duties of the drivers of motor vehicles when approaching an intersection of streets under section 4817, 1 Comp. Laws 1915, as amended by Act No. 368, Pub. Acts 1921 (Comp. Laws Supp. 1922, § 4817), and under Act No. 96, Pub. Acts 1923 (in which the one approaching on the driver's right is

given the right of way), were plainly pointed out by Mr. Justice CLARK in *Pline* v. *Parsons*, 231 Mich. 466, cited with approval in *Arvo* v. *Delta Hardware Co.*, 231 Mich. 488. We have read the charge in this case with care. In our opinion it very clearly defined the duties of both drivers and properly submitted to the jury the question of their respective acts of negligence.

Counsel have the right to prefer requests to charge, and, when they state rules of law applicable to the facts presented by the proofs, they are indeed helpful to the trial court and should be given, or the substance of them included in the charge as given. It will, we think, be admitted that the instructions of the court, following each other in an orderly way and with, perhaps, some reference to the facts to which each particular instruction may apply, are much more helpful to the jury than if requests, stating rules of abstract law, sound in principle and having some application to the facts, be read to them. If the trial court fairly embodies the requests preferred in his instructions, error will not lie upon the refusal to give the requests. *In re Hewitt's Estate,* 199 Mich. 240.

Plaintiff's third request reads as follows:

"It is the duty of the driver of an automobile on approaching a street intersection to bring his car under control and by that it is meant to bring it to such a rate of speed and under such management that he will be able to avoid endangering the safety of others, who may be lawfully upon such intersection, or who may reasonably be expected to be upon such intersection, and if the defendant failed to bring his car under control upon approaching the intersection in question, he is guilty of negligence."

The court charged:

"It is the duty of the driver of an automobile on approaching a street intersection to have his car under control as well as every other place upon the highway; and by that is meant to have the automobile under such

management and control that the driver will be able to avoid endangering his own safety or the safety of others who may be lawfully upon the public highway; and if either of the parties to this suit, or the drivers of the cars involved in this collision, failed to have their cars or automobiles under such control upon approaching and crossing or entering into the intersection in question here, he will be guilty of negligence. If the defendant had reasonable opportunity to see that plaintiff was crossing the intersection in question or was about to cross the intersection, and see that a collision might be expected, then he would not be justified in proceeding to cross merely because he was coming from the right and had the right of way; he would have no right to persist in exercising his statutory privilege if by so doing he was negligently endangering the safety or property of the plaintiff."

The court was here defining the duty of both drivers on approaching the intersection. The use of the words "as well as every other place upon the highway" was unfortunate. The control under which a car should be kept is dependent, somewhat, if not altogether, upon the surroundings, and greater care should be exercised at an intersection where other cars may be met than on some other parts of the highway. Plaintiff's counsel insist that attention was called to this by the use of the words, "or who may reasonably be expected to be upon such intersection," in his request. Later in the charge the court said:

"The law also provides, in traversing intersections, that the person operating a motor vehicle shall have it under control and operate it at such a speed as is reasonable and proper, having regard to the traffic on such highways and the safety of the public. * * * These parties in this case are both held to the same rule on reasonable and proper care and control of their automobiles, considering the traffic and character of the corner and the safety to themselves and the safety to others, with the exception that the man on the right has the legal right of way, as I have explained; but that does not militate or mitigate against the necessity

of exercising reasonable and proper care and having the automobile under proper control."

We are impressed that the relative rights and duties of the parties were presented to the jury in a manner they could not but well understand.

The other assignments relating to the requests and the charge as given have received careful consideration. It will serve no useful purpose to quote from them. In our opinion all applicable requests were fairly covered by the charge as given.

The trial court concluded, when denying the motion for a new trial, that the verdict was not against the great weight of the evidence. We are so impressed. It is apparent that the jury found that the collision was due to the negligent manner in which both cars were driven at the time they reached the intersection. There was evidence to support such a finding, and we do not feel justified in disturbing it.

The judgment is affirmed.

BIRD, C. J., and SNOW, STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.