### WOOD v. PRIBORSKY.

1. Motor Vehicles—Negligence—Weight of Evidence.
   In action against automobile driver for personal injuries inflicted on pedestrian crossing street, verdict for plaintiff *held*, not contrary to preponderance of evidence or against great weight of evidence; testimony presenting question of fact, and being ample to support verdict.

On injury to pedestrian by automobile driven on wrong side of street, see annotation in 67 A. L. R. 109.

2. Same—Contributory Negligence—Automobile on Wrong Side of Street.

> Pedestrian struck by automobile after crossing middle of street is not guilty of contributory negligence as matter of law because he did not see defendant's automobile approaching him on wrong side of street until about time it struck him, although it is possible he could have seen it sooner had· he looked in direction from which it came.

Appeal from Wayne; Houghton (Samuel G.), J., presiding. Submitted June 16, 1932. (Docket No. 123, Calendar No. 36,509.) Decided September 16, 1932.

Case by J. Charles Wood against Benjamin H. Priborsky for personal injuries alleged to have been inflicted as a result of the negligent operation of defendant's automobile. Judgment for plaintiff. Defendant appeals. Affirmed.

*Abbott & Coulter* and *McLeod, Fixel, Abbott & Fixel,* for plaintiff.

*Edward A. Smith* (*Edward Z. Wrobleski,* of counsel), for defendant.

Potter, J. Plaintiff sued defendant for hitting him with his automobile. Plaintiff claimed defendant was negligent in driving recklessly at an excessive rate of speed, on the wrong side of the street, in violation of the ordinance of the city of Detroit, at night, with defective headlights, without signaling plaintiff with his horn. There was judgment for plaintiff. Defendant appeals, claiming plaintiff was guilty of contributory negligence, the verdict was contrary to the preponderance of the evidence, and against the great weight of the evidence.

The case was tried before the circuit judge without a jury. There was ample testimony to support the judgment. We cannot say the verdict was contrary to the preponderance of the evidence or against the great weight of the evidence.

Defendant insists plaintiff was guilty of contributory negligence, having been struck after he had crossed the center portion of the highway, by defendant's automobile, which should have been on the opposite side of the highway.

It is possible the plaintiff might have seen defendant's automobile if he had looked in the direction from which it came, but the fact he did not see defendant's automobile, driving on the wrong side of the street, until at about the time it struck him, is not contributory negligence as a matter of law.

The case was closely tried. The question of plaintiff's contributory negligence was a question upon which the facts were in dispute. Primarily the determination of those facts was for the trial court who saw the witnesses and heard their testimony. We find no error.

Judgment affirmed, with costs.

CLARK, C. J., and McDONALD, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.