WATROUS *v.* CONOR.

LITTLE *v.* SAME.

1. NEGLIGENCE—ACCIDENT—PRESUMPTION.

   The mere fact that an accident happened and that plaintiff was injured neither proves negligence nor raises a presumption thereof.

2. MOTOR VEHICLES—NEGLIGENCE—INTERSECTIONS.

   Automobile drivers who do not have their cars under such control that they will, when approaching street intersection, be able to avoid endangering safety of others lawfully there or reasonably expected to be there are guilty of negligence.

3. APPEAL AND ERROR—QUESTION OF FACT—PEDESTRIANS.

   Question of whether pedestrians were within the boundaries of a cross-walk at intersection of street with boulevard containing middle parkway is one of fact determined by trial judge acting as jury and his findings, supported by testimony, are not disturbed on appeal.

4. NEGLIGENCE—PEDESTRIANS CROSSING STREET—MOTOR VEHICLES.

   Pedestrian, crossing a street, is only required to exercise such reasonable care as the surrounding circumstances demand and is not guilty of negligence as a matter of law merely because he may get into path of automobile.

5. DAMAGES—EXCESSIVE VERDICT—PERSONAL INJURIES.

   Verdict of $5,000 to 68-year old woman struck by defendants' automobile while crossing boulevard and receiving fractured rib and severe injuries to shoulder, elbow, right leg and thigh and who still suffered pain at time of trial, and verdict of $2,300 to 65-year old woman injured at same time and place whose shoulder was dislocated and who bears scar above right eye and has pains in shoulder and dizziness and each suffered lessened earning capacity, are not disturbed on appeal as excessive.

6. SAME—PAIN AND SUFFERING—APPEAL AND ERROR.

    Allowance for pain and suffering rests in the sound discretion of
        the trier of the facts and verdict therefor which has not been
        secured by improper methods, prejudice or sympathy and is
        not so great as to shock the judicial conscience will not be dis-
        turbed on appeal.

Appeal from Wayne; Callendar (Sherman D.), J., presiding. Submitted March 16, 1934. (Docket No. 149, Calendar No. 37,658.) Decided April 3, 1934.

Separate actions of case by Jane Watrous and Susan Little against Arthur K. Conor and another for personal injuries received while crossing boulevard when struck by defendants' automobile. Cases consolidated for trial. Judgments for plaintiffs. Defendants appeal. Affirmed .

*John Hal Engel,* for plaintiffs.

*Frederick J. Ward,* for defendants.

BUSHNELL, J. These cases were consolidated by stipulation providing for separate verdicts. Trial by jury was waived. The facts are rather sparse, but such testimony as we have is practically undisputed. Defendant Arthur C. Conor, driving his father's car, struck both plaintiffs, sisters aged 68 and 65 years, respectively, as they were crossing Washington boulevard at Grand River avenue in the city of Detroit. They had just alighted from a street car at the southwest corner and were walking towards the east to attend church about 7 o'clock on the morning of January 1, 1932. Plaintiffs' testimony shows they were within the boundaries of the south crosswalk, but defendant testified they were about opposite the third store south of the corner and that nobody was on the crosswalk. Both agree that the accident happened in the center of the west-

erly 50-foot traffic lane, which is separated from the easterly lane by a parkway in the center of the boulevard; that it was raining, and the ladies both had umbrellas over their heads. The visibility was such that defendant could see parked automobiles for a distance of 100 to 150 feet down the boulevard. Plaintiffs claim they looked both ways before starting to cross the street.

Defendant's testimony is to the effect that he had attended a New Year's Eve party at the Book-Cadillac Hotel, and admits that he took two drinks of wine at about 12 o'clock; that at about 3:30 in the morning he drove some friends home and was returning to his hotel at the time the accident occurred. A friend, who could not be located at the time of trial, was with him in the car. Defendant came down Grand River avenue from the north and turned right into Washington boulevard at a speed of about 16 miles per hour. Although he testified that he could see 100 feet ahead at all times, he failed to see the pedestrians until he was right upon them. The usual allegations are presented as to the violation of ordinances regarding speed, brakes, horns, etc., but the ladies, who were struck from behind, know nothing except that they were crossing the street at a place where they had a right to cross and with the green light. There were no eyewitnesses. other than the parties involved with the exception of another sister of the plaintiffs, who was a few feet ahead of the pair and whose contribution to the solution of the problem begins with her hearing the crash.

Plaintiff Jane Watrous had a verdict for $5,000, and plaintiff Susan Little for $2,300.

We agree with appellant that the mere fact that an accident happened and that plaintiff was injured does not prove negligence. It does not even raise a

presumption of negligence. *Massachusetts Bonding & Ins. Co.* v. *Park,* 197 Mich. 142; *Smith* v. *Peets,* 217 Mich. 255.

If defendant could see 100 feet ahead, as he testified, he should have seen the plaintiffs. Drivers of automobiles must at all times have their cars under such control that they will, when approaching a street intersection, be able to avoid endangering the safety of others, who may be lawfully upon the intersection or reasonably expected to be there, ''and if the defendant failed to bring his car under control upon approaching the intersection in question, he is guilty of negligence.'' *Louthain* v. *Hesse,* 234 Mich. 693. See, also, *Smarinsky* v. *Markowitz,* 265 Mich. 412, as to intersections guarded by traffic lights. The disputed question as to whether plaintiffs were within the boundaries of the crosswalk at the intersection was determined by the trial judge acting as a jury, and we are reluctant to disturb his findings, which involved only the adoption of one of two conflicting versions in the testimony. *Rice* v. *Katz,* 255 Mich. 1; *Wood* v. *Priborsky,* 259 Mich. 556; *Kelvinator Sales Corp.* v. *Whitney,* 263 Mich. 133.

Our statement of the facts should sufficiently answer the question raised as to contributory negligence. The pedestrian is only required to exercise such reasonable care as the surrounding circumstances require. *Benjamin* v. *McGraw,* 208 Mich. 75, 83. As we stated in *Petersen* v. *Lundin,* 236 Mich. 590, a pedestrian is not guilty of negligence as a matter of law in every case in which he so conducts himself as to get into the path of an automobile.

Defendant claims that the verdicts were excessive. One of Mrs. Watrous' ribs was fractured and her shoulder and elbow injured. She suffered a ruptured vein in her right leg, resulting in a gangrenous condition which left a long, irregular scar about

eight inches in length and three-quarters of an inch deep and three inches wide on the internal aspect of her right thigh. When last examined some 17 months after the accident, the right leg from the region of the scar down was found to be swollen considerably beyond normal. There is some dispute as to whether this swelling was caused by the injury. This scar was quite deep, in places almost to the bone, involving the muscles and tissues of the leg beneath the skin. Mrs. Watrous testified that she is still suffering discomfort from the injuries sustained and that her earning capacity has been impaired thereby. Mrs. Little's shoulder was dislocated by the accident and she now bears a scar above her right eye. At the time of trial, she complained of dizziness and pains in her shoulder and also complained that her earnings had been lessened.

There is and can be no absolute standard by which we can measure the amount of damages in personal injury cases. Individual opinions may differ as to the correctness of awards, even those made by trial judges. It has yet to be determined whether the judgment of a one-man jury is sounder than that of 12. The parties seemed to prefer the judgment of one and waived a jury. Now appellant suggests that the judgment of eight is better than either method. Adopting defendant's contention that, at best, the showing here is only one of pain and suffering, plus expenses for medical services and hospitalization attention, we still prefer our rule stated in the case of *Weil* v. *Longyear,* 263 Mich. 22, that the amount allowed for pain and suffering must rest in the sound judgment of the trier of the facts. Assuming even that our verdict might be in a different amount, we are loath to disturb verdicts for personal injuries on the ground that the amount is excessive. *Cawood* v. *Earl Paige & Co.,* 239 Mich. 485. We do not sub-

stitute our judgment on this question unless a verdict has been secured by improper methods, prejudice or sympathy. *Michaels* v. *Smith*, 240 Mich. 671. No such showing has been made, nor were the verdicts so great as to shock the judicial conscience. *Sebring* v. *Mawby*, 251 Mich. 628.

The judgments are affirmed, with costs to appellees.

Nelson Sharpe, C. J., and Potter, North, Fead, Wiest, Butzel, and Edward M. Sharpe, JJ., concurred.