VINK *v.* HOUSE.

1. Courts—Comparison of Present and Past Verdicts.

A comparison of present with past verdicts is not helpful in determining whether or not a verdict in a personal injury action is excessive.

2. Damages—Knee Injury—Pain and Suffering—Permanent Disability—Earning Capacity.

Verdict of $15,000 in favor of 15-year-old motorcyclist who collided with defendants' truck *held,* not excessive, where plaintiff sustained dislocation of left knee and a tearing of the ligaments and support of the knee joint which has caused him pain for many months, has presently impaired his earning capacity as pin setter in a bowling alley and as to other outside work, has permanently disabled him from performing many kinds of work or from engaging in sports, and medical testimony shows a reasonable certainty of future arthritis due to the injury.

3. Same—Knee Injury—Permanent Disability—Office Worker—Special Findings.

Fact that permanent injury to knee would be less disabling to motorcyclist if he engaged in office duties rather than manual work is not. speculated upon in considering whether or not $15,000 verdict to 15-year-old high school junior was excessive, where issue of fact was properly presented to jury which was not requested to make special findings.

4. Same—Pain and Suffering—Permanent Injury—Earning Capacity.

The Supreme Court has no definite standard of measuring in dollars and cents the damages which a plaintiff should recover for past and present pain and suffering, permanent injuries and loss of earning capacity.

5. Same—Parent and Child—Medical Expense—Services of Minor.

Award of $2,000 to father of 15-year-old motorcyclist who was injured in a collision with defendants' truck is not disturbed,

References for Points in Headnotes

[1-9] 15 Am Jur, Damages §§ 205-210, 218.
[1-9] Excessiveness of verdict in action by person injured for injuries not resulting in death. 46 ALR 1230; 102 ALR 1125; 16 ALR2d 3.

where father had already paid $759.04 to hospital and doctors, was liable for continuing expense for additional X-rays and examinations for another 2 years and boy had not been able to perform any of his usual services for his father to which latter would be entitled during minority.

6. SAME—EVIDENCE—PREJUDICE—SYMPATHY.

Verdicts for injured 15-year-old motorcyclist and his father, which were within the range of the proofs are not disturbed under circumstances shown, as such damages cannot be ascertained with accuracy and no claim is made that the verdicts were obtained by improper methods, prejudice or sympathy.

7. SAME—EXCESSIVE VERDICTS—PERSONAL INJURIES—PREJUDICE—SYMPATHY.

Courts are reluctant to disturb the verdict of a jury for personal injuries on the ground that the amount is excessive unless the verdict shocks the conscience or has been secured by improper means, prejudice or sympathy.

8. SAME—LOSS OF FUTURE EARNINGS.

The measure of damages for loss of future earnings where the time element is uncertain is based upon the sound judgment of the trier of the facts and, if reasonable, will not be disturbed.

9. APPEAL AND ERROR—QUESTIONS REVIEWABLE—PRESENT WORTH OF JUDGMENT—REQUEST TO CHARGE—INSTRUCTIONS—NEW TRIAL.

Question raised for first time upon appeal from verdict for plaintiff minor motorcyclist as to present worth of money judgment will not result in reversal, where instructions were given as to reduction of future damages by discount of 5% a year, no request to charge made, no objection to charge given and no effort made to obtain a new trial on such ground.

Appeal from Bay; Leibrand (Karl K.), J. Submitted January 15, 1953. (Docket No. 78, Calendar No. 44,606.) Decided April 13, 1953.

Separate actions of case by Charles Vink and Robert Vink, by his next friend, Charles Vink, against James C. House and others for injuries sustained in automobile accident. Cases consolidated. Verdict and judgment for plaintiffs. Defendants appeal. Affirmed.

*Oscar W. Baker, Jr.,* for plaintiffs.

*Smith & Brooker,* for defendants.

Boyles, J.   Plaintiff Robert Vink, a 15-year-old minor, sued for damages arising from injuries received while riding a motorcycle, due to a collision with a truck owned by the defendants. His father, Charles Vink, also sued for his expenses, loss of services, et cetera. The separate suits were consolidated and, on trial by jury, verdicts were returned and judgments entered, $15,000 for Robert and $2,000 for his father Charles. The defendants appeal on consolidated record and briefs. Two questions are urged for reversal. The first one is that the verdicts are excessive.

As a result of the collision Robert received a dislocation of the left knee, a tearing of the ligaments and the support of the knee joint, an injury to the cartilage of the joint. As a result he has an unstable knee which permanently disables him from doing many kinds of work, although he might not be disabled from performing office duties. He testified that he was in the tenth grade in high school, ambitious to improve himself, that he had gone to school for 11 years and was planning to continue on through college. He said he would like to have an office job, be a superintendent or supervisor; that he wanted to go to college and improve himself for that kind of work, rather than climb telephone poles or run a machine. He did not want to have to do the kind of work being done by his father or brother in a shop or factory. On the basis of that testimony, appellants claim that his verdict of $15,000 is excessive because his permanent disability of an unstable knee would be less disabling in the kind of a job he would like to do.

That issue of fact as an element to be considered, if damages were awarded, was properly presented to the jury. In the absence of special findings we decline to speculate on the extent to which it either enlarged or reduced the verdict reached by the jury. Neither do we need to speculate as to whether the jurors, in arriving at their verdicts, considered the present purchasing power of the dollar. We have no way of evaluating the extent of the knowledge, if any, of the jurors in that regard or its influence on their verdicts. As indicated by the trier of the facts in *Denny* v. *Garavaglia,* 333 Mich 317, 326, and by the trial court in the instant case in denying defendants' motion for a new trial as to Robert Vink, a comparison of present with past verdicts is not helpful for that reason. As to the extent of various verdicts under differing circumstances, see 15 Am Jur, Damages, § 220, and cases cited.

During Robert's stay in the hospital his leg was in traction and in a cast, he suffered pain every day, also later while the leg was still in a cast, which kept him awake at night, and afterward during the 7-1/2 months he was compelled to wear a brace. At the time of trial he still had pain in his knee and a slight limp. The leg still ached in bad weather and pained him when he attempted to stoop over. He is unable to engage in sports and active work. His earning capacity has at least temporarily been impaired. He had earned $500 from his work while in school up to the time of trial, mostly by setting pins in a bowling alley, and doing other outside work, all of which he has been unable to do since his injury. Medical testimony also showed a reasonable certainty of future arthritis due to the injury.

The record before us establishes that Robert endured pain and suffering for months, which still persists, that he has permanent injuries and a loss of

earning capacity. We have no definite standard for measuring such damages in dollars and cents.

Charles Vink, the father, had paid out $759.04 for hospital and doctors, and was liable for continuing expense for additional X-rays and examinations for another 2 years; Robert, age 15, had been earning; and since his injury he had not been able to earn or perform any of his usual services for his father, to which the father might be entitled during Robert's minority. The verdict and judgment in favor of the father is not unconscionable.

The amounts of the verdicts are within the range of the proofs, such damages cannot be ascertained with accuracy and, under the circumstances shown, we do not disturb the verdicts.

In *Cleven* v. *Griffin,* 298 Mich 139, quoted by the Court in *Alley* v. *Klotz,* 320 Mich 521, 541, and applicable here, the Court said:

"No claim is made that the verdict was obtained by improper methods, prejudice or sympathy. There is no absolute standard by which we can measure the amount of damages in personal injury cases. The amount allowed for pain and suffering must rest in the sound judgment of the triers of the facts. *Watrous* v. *Conor,* 266 Mich 397; *Weil* v. *Longyear,* 263 Mich 22. Courts are reluctant to disturb verdicts of juries for personal injuries on the ground that the amount is excessive. *Cawood* v. *Earl Paige & Co.,* 239 Mich 485. We do not usually substitute our judgment for that of the jury unless the verdict shocks the conscience or has been secured by improper means, prejudice or sympathy. *Watrous* v. *Conor, supra; Michaels* v. *Smith,* 240 Mich 671."

"For many years this Court has adhered to the rule that an award for damages in personal injury cases will not be disturbed if reasonably within the range of the testimony. The damages assessed in personal injury cases for pain and suffering, both past and future, depend in no small measure upon

the sound judgment of the finder of facts. The measure of damages for loss of future earnings where the time element is uncertain also is based upon the sound judgment of the trier of the facts and, if reasonable, will not be disturbed." *Denny* v. *Garavaglia, supra.*

Appellants also seek reversal on the ground that the trial court erred in failing to properly instruct the jury as to the present worth of a money judgment for plaintiff Robert Vink. The question is raised for the first time, in this Court. No request was made to the trial court to charge the jury in that regard, or objection made to the charge as given. At the conclusion of the charge, the court asked counsel for both parties whether anything had been overlooked and no suggestion was made pointing to the omission. It was not raised by appellants as one of the 6 grounds urged in their motion for a new trial. Furthermore, the trial court charged the jury as to Charles Vink, that future damages must be reduced to present value by discount of 5% a year, and also referred to it in charging the jury as to Robert Vink. Under such circumstances, we do not reverse.

Affirmed.

DETHMERS, C. J., and ADAMS, BUTZEL, CARR, BUSHNELL, SHARPE, and REID, JJ., concurred.