WAGNER v DETROIT & MACKINAC RAILWAY COMPANY

OPINION OF THE COURT

1. DAMAGES—EXCESSIVE VERDICT—APPEAL AND ERROR.

A jury's verdict will not be set aside if it is not so excessive as to shock the judicial conscience.

2. NEGLIGENCE—RAILROADS—INTERVENING CAUSE—FORESEEABILITY.

A judgment notwithstanding the verdict is set aside and the verdict of a jury in favor of a defendant railway against a third-party defendant is reinstated where the plaintiff, a railway employee, was injured uncoupling a freight car, and where the jury found that the third-party defendant was negligent in loading the freight car and that this negligence was a proximate cause of the injury; the defendant railway's negligence in failing to properly secure the load as required by rules of the Association of American Railroads did not act as an intervening independent and efficient cause to sever whatever connection there may have been between plaintiff's injuries and the third-party defendant's negligence because the intervening act of the railway was reasonably foreseeable.

CONCURRENCE IN PART, DISSENT IN PART, BY LESINSKI, C. J.

3. NEGLIGENCE—RAILROADS—DEFECTIVE LOADING—CONTRIBUTION.

*In a negligence suit of a railroad employee against the railroad*

REFERENCES FOR POINTS IN HEADNOTES

[1] 22 Am Jur 2d, Damages § 366.

Constitutional or statutory provision forbidding re-examination of facts tried by a jury as affecting power to reduce or set aside verdict because of excessiveness or inadequacy. 11 ALR2d 1217.

[2] 57 Am Jur 2d, Negligence §§ 153, 199–205, 212, 219.

Foreseeability as an element of negligence and proximate cause. 100 ALR2d 942.

[3] 14 Am Jur 2d, Carriers § 531 *et seq.*

57 Am Jur 2d, Negligence § 288 *et seq.*

65 Am Jur 2d, Railroads §§ 413, 414.

Liability, because of improper loading, of railroad to consignee or his employee injured while unloading car. 29 ALR3d 1039.

*for injuries received while uncoupling a freight car where the railroad impleaded a shipper as a third-party defendant and where the evidence disclosed that the railroad accepted for movement a rail car loaded with wood that was braced and that the braces were not properly secured in place as required for safe loading and movement, which fact was discoverable by ordinary inspection, the railroad was not entitled to contribution from the third party because its breach of duty to inspect the car for safe loading, before accepting the car for movement, bars its recovery from the shipper.*

Appeal from Alpena, Philip J. Glennie, J. Submitted Division 3 October 8, 1973, at Detroit. (Docket Nos. 15200, 15644.) Decided November 28, 1973. Leave to appeal denied, 391 Mich —.

Complaint by Harold Wagner against the Detroit & Mackinac Railway Company for damages under the Federal Employers' Liability Act. Abitibi Panel Products, Limited, was joined by the defendant railroad as a third-party defendant. The jury returned a verdict in favor of the plaintiff against the railroad and also returned a verdict in favor of the defendant railroad against the third-party defendant. Defendant railroad's motion for a new trial was denied, while the third-party defendant's motion for judgment notwithstanding the verdict was granted. Defendant railroad appeals. Judgment notwithstanding the verdict set aside, and the verdict of the jury reinstated.

*John F. Kowalski* and *Francis H. Monek,* for plaintiff.

*Dyer, Meek, Ruegsegger & Bullard,* for defendant Detroit & Mackinac Railway Company.

*Bodman, Longley, Bogle, Armstrong & Dahling* (by *James M. Baysinger),* for third-party defendant.

Before: LESINSKI, C. J., and R. B. BURNS and QUINN, JJ.

R. B. BURNS, J. Plaintiff instituted suit against defendant Detroit & Mackinac Railway Company for injuries under the Federal Employers' Liability Act, 45 USCA 51. Defendant railway joined Abitibi as a third-party defendant. A jury returned a verdict for plaintiff in the amount of $35,000. The jury also returned a verdict in favor of the defendant railway against the third-party defendant in the amount of $17,500.

The defendant railway moved for a new trial claiming that the jury verdict was excessive. The motion was denied.

Abitibi moved for judgment notwithstanding the verdict, claiming that there was no right of contribution in an FELA action. The motion was granted.

Defendant railroad appeals.

Plaintiff was injured while uncoupling a freight car from the end of a string of approximately 20 cars. After uncoupling the car, he gave a signal to be relayed to the engineer to proceed to move the cars. The cars were jerked, resulting in a double 2 × 4, which was used as a prop to hold the lading in place on the end of the car, breaking, falling, and hitting plaintiff on the head, causing his injuries.

The railway company claims the lumber was loaded by the third-party defendant Abitibi. The lumber was loaded with the double 2 × 4's being placed upright at each end of the lading to prop the load, with steel straps being placed over them and anchored to the floor of the car. In this instance, the straps were not nailed or otherwise secured to the double 2 × 4's as required by rule

10, section 1 of the rules of the Association of American Railroads.

A jury's verdict will not be set aside if it is not so excessive as to shock the judicial conscience. *Watrous v Conor,* 266 Mich 397; 254 NW 143 (1934). The jury verdict under the facts and circumstances of this case is supported by the evidence and does not shock our conscience.

In *Fowles v Briggs,* 116 Mich 425; 74 NW 1046 (1898), the Court held that a shipper of lumber was not liable for injuries to a brakeman caused by the shifting of the lumber, negligently loaded, where the accident happened after it had been the duty of the railroad company to provide for inspection of the car. On page 428 (74 NW at 1047), the Court stated:

"In the present case the defendants owed the railroad company the duty of using ordinary care in loading the car in question; but, before the car came to decedent, it was the duty of the railroad company to provide for the inspection. Here was the intervention of an independent human agency."

The trial judge followed the *Fowles* case when granting the judgment notwithstanding the verdict.

In *Davis v Thornton,* 384 Mich 138; 180 NW2d 11 (1970), Justice T. G. KAVANAGH stated on pages 148–149 (180 NW2d at 16–17):

"The general rule—that an intervening, independent and efficient cause severs whatever connection there may be between the plaintiff's injuries and the defendant's negligence *(Fowles v Briggs,* 116 Mich 425; 74 NW 1046 [1898]; 38 Am Jur Negligence, § 68, p 724 *et seq.)* —is not controlling if the intervening act was reasonably foreseeable. 38 Am Jur, Negligence, § 70, p 726 *et seq., Skinn v Reutter,* 135 Mich 57; 97 NW 152 (1903), and also *Comstock v General Motors Corporation,* 358

Mich 163; 99 NW2d 627 (1959), where we quoted with approval 2 Restatement Torts, § 447, p 1196:

" 'The fact that an intervening act of a third person is negligent in itself or is done in a negligent manner does not make it a superseding cause of harm to another which the actor's negligent conduct is a substantial factor in bringing about, if

" '(a) the actor at the time of his negligent conduct should have realized that a third person might so act, or

" '(b) a reasonable man knowing the situation existing when the act of the third person was done would not regard it as highly extraordinary that the third person had so acted.' ' "

The case was submitted to a jury which found Abitibi negligent and that Abitibi's negligence was a proximate cause of the injury.

The judgment notwithstanding the verdict is set aside and the verdict of the jury is reinstated.

Costs to plaintiff against both defendants. Defendant Detroit & Mackinac Railway Company may assess costs against third-party defendant Abitibi.

QUINN, J., concurred.

LESINSKI, C. J. *(concurring in part; dissenting in part).* The majority properly finds that the amount of the jury verdict for damages to plaintiff should not be disturbed. The record discloses sufficient evidence of injury so that the award does not shock our conscience on appeal.

In addition to the award of damages to plaintiff for injuries in the amount of $35,000, the jury found for Detroit & Mackinac Railway Company in the amount of $17,500 as third-party plaintiff against Abitibi Panel Products, Ltd, as an impleaded third-party defendant. On motion, the

trial court granted Abitibi's request for judgment *non obstante veredicto.* Abitibi claims that the third-party plaintiff was not entitled to contribution.

My colleagues on the hearing panel act to set aside the judgment *non obstante veredicto* and reinstate the jury verdict on the ground that the jury found Abitibi negligent and that Abitibi's negligence was a proximate cause of the accident. They rely on the rule stated by the majority in *Davis v Thornton,* 384 Mich 138; 180 NW2d 11 (1970).

The case of *Davis v Thornton, supra,* is improperly relied on by the majority in this case. *Davis* dealt with the problem of foreseeability and intervening causes as they relate to actions by injured parties against primary defendants. In an action by plaintiff against Abitibi, *Davis, supra,* would apply in testing the acts of Abitibi for actionable negligence for which it could be asked to respond in damages to the injured party. It, however, does not apply in an action for contribution by a railroad carrying goods for a party against whom contribution is sought.

The case before us is controlled by *Fowles v Briggs,* 116 Mich 425; 74 NW 1046 (1898), which held in essence that although the party loading a railroad car had a duty toward the railroad to use ordinary care in loading the car in question, before the car was accepted for movement the railroad had a duty to inspect the car. A concomitant duty would be not to move a defectively loaded car, thereby avoiding foreseeable injury to others. Had the railroad fulfilled its duty, inspected the car and declined to move it because of improper loading, this accident would not have occurred.

*Davis v Thornton, supra,* raises serious question

as to the viability of the *Fowles v Briggs, supra,* rule in actions by injured parties against shippers. *Davis* does not, however, deal with the rights and liabilities of parties in actions by tort-feasors one against the other. *Davis* does not do away with the rule of *Fowles* that a receiving railroad has a duty to inspect for safe loading cars consigned to it for movement.

Evidence in the trial discloses that the railroad accepted for movement a rail car loaded with wood that was braced and that the braces were not properly secured in place as required for safe loading and movement, which fact was discoverable by ordinary inspection.

The railroad is not entitled to contribution as its breach of duty to inspect the car for safe loading, before accepting the car for movement, bars its recovery from the shipper.

I would affirm the trial court in all respects with costs to the appellees.