LYCOS v GRAY MOBILE HOME SALES, INC.

1. APPEAL AND ERROR—JUDGMENT—EXCESSIVE JUDGMENT—QUESTION
OF FACT—PREJUDICE OR SYMPATHY.

Appellate courts do not substitute their judgment for that of the
trier of the fact as to whether a judgment is excessive unless a
verdict has been secured by improper methods, prejudice or
sympathy.

2. INDEMNITY—DAMAGES—BREACH OF WARRANTIES—DEFAULT—
HOLDER IN DUE COURSE—STATUTES.

A plaintiff is entitled to indemnity, to be held harmless and to
damages from the sellers of a mobile home in any suit by a
holder in due course or guarantor for the purchase price where
plaintiffs' default in payment was a direct result of the sellers'
breach of warranties (MCLA 440.2715[2][a], 440.2717; MSA
19.2715[2][a], 19.2717).

Appeal from Ingham, Thomas L. Brown, J. Sub-
mitted May 3, 1977, at Lansing. (Docket No.
28451.) Decided June 7, 1977.

Complaint by Benjamin J. Lycos and Sharon
Lycos against Gray Mobile Home Sales, Inc., and
Varney's Mobile Homes, Inc., for damages result-
ing from defendants' breach of warranties in the
sale of a mobile home. Judgment for plaintiffs.
Defendants appeal. Affirmed.

*Richard R. Rashid,* for plaintiffs.

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 880 *et seq.*
[2] 41 Am Jur 2d, Indemnity § 25.
   67 Am Jur 2d, Sales § 722 *et seq.*
   Construction and effect of UCC Art 2, dealing with sales. 17 ALR3d
   1010.

*Street, Stevens, Schuler, Johnson, Hipkiss, Pia-secki & Knowlton* (by *Foster D. Potter),* for defendants.

Before: Danhof, C. J., and R. B. Burns and E. A. Quinnell,* JJ.

E. A. Quinnell, J. Defendants appeal from the trial court's judgment in favor of the plaintiffs and its order that the defendants hold plaintiffs harmless should plaintiffs be sued by the holder in due course of commercial paper or the Federal Housing Administration for the balance due in payment of a mobile home sold by defendants to the plaintiffs.

The trial court made thorough findings of fact with ample record support. The proofs establish that defendants had sold a new mobile home to the plaintiffs in April of 1973. The home was sold with defects apparent to the plaintiffs, but the defendants' agents promised that they would be remedied before delivery. The defects were not repaired, although the plaintiffs continually asked for repairs to be made by the sellers.

Other defects showed up. First, plaintiffs noted that windows leaked during a rain, the rear door would not lock, and the refrigerator wall outlet was inoperative causing the family to have to share their living room with the refrigerator. The Michigan winter closed in, with plaintiffs' urgent pleas for repairs going unheeded.

Plaintiffs found that the mobile home heater would heat only two rooms. Later it was discovered that the heat vent units located beneath the mobile home had been crushed and torn apart either at or prior to delivery. Again, the plaintiffs

---

* Circuit judge, sitting on the Court of Appeals by assignment.

pleaded for assistance from the sellers. The family, two adults and two small children, shivered through October, November and December, sleeping in a single heated bedroom before abandoning the unit in mid-January, 1974.

When repairs were not forthcoming, the plaintiffs told the financing bank, Kensington Mortgage & Finance Co. of Madison, Wisconsin, that they would not pay for such a defective home. Similar advice was given the sellers. On about January 15, 1974, plaintiffs moved from the cold trailer. Defendants finally effected repairs on or about January 24, 1974.

Defendants claim that the judgment of $10,123.70 was excessive. The test as to whether a judgment is excessive is defined in numerous Michigan cases; appellate courts do not substitute their judgment for that of the trier of fact "unless a verdict has been secured by improper methods, prejudice or sympathy". *Watrous v Conor,* 266 Mich 397, 401; 254 NW 143 (1934). This verdict and judgment does not shock this Court nearly so much as the conduct of the defendants in this case. Rather, the sum of $9,000 is fair compensation for a life lived in fear, cold and discomfort occasioned by the calculated and deliberate inaction of these defendants breaching the warranties and leading to the plaintiffs' default in contract payments owed to the financing bank and guaranteed by FHA.

As part of its judgment the trial court ordered the defendants to execute an indemnity agreement holding the plaintiffs harmless and indemnifying the plaintiffs should either the holder in due course finance company or FHA sue for the balance of the purchase price. Defendants claim, without citing any legal authority in support of

their position, that the trial court was without power to give such an order.

The Uniform Commercial Code, MCLA 440.2715(2)(a); MSA 19.2715(2)(a), authorizes this result. The plaintiffs' default in payment was a direct result of the defendants' breach of warranties. Evidence at trial showed that the mobile home had been repossessed and sold and that there was a deficiency balance. Since § 2717 of the code (MCLA 440.2717; MSA 19.2717) allows a buyer to deduct from the purchase price still owing damages occasioned by the seller's breach, it is logical to assume, as a matter of law, that the plaintiffs here must have indemnity from the sellers in any suit by a holder in due course or guarantor for the purchase price.

Affirmed. Costs to appellees.