Betty CAMERON, Personal Representative of the Estate of Christopher Cameron, Deceased, Plaintiff,

v.

CITY OF PONTIAC, a Municipal corporation, Officers Michael McBride and Vernon Roberts, individually and in their capacities, jointly and severally, Defendants.

No. 85–CV–71537–DT.

United States District Court, E.D. Michigan, S.D.

Dec. 27, 1985.

Court. However, no additional cases were ever presented for the Court's consideration.

Michael D. Burwell, Bloomfield Hills, Mich., for plaintiff.

Gene A. Farber, Detroit, Mich., for defendants.

OPINION AND ORDER OF DISMISSAL

LA PLATA, District Judge.

## I. Introduction

In the recent case of *Tennessee v. Garner*,[1] the United States Supreme Court held that a police officer is constitutionally prohibited from using deadly force when pursuing a felon who is neither armed nor dangerous. In the instant matter, this Court is called upon to determine whether a police officer violated a fleeing felon's constitutional rights when he unsuccessfully used deadly force in his pursuit of the felon, but where the suspect suffered fatal injuries attributable to an intervening agent while he was attempting to escape.

## II. Facts

On the morning of April 7, 1983, two uniformed City of Pontiac police officers, Michael McBride and Vernon Roberts, while on patrol duty, received a radio call directing them to investigate a burglary at a home located on 57 S. Eastway in the

1. —— U.S. ——, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985).

City of Pontiac. Upon arriving at the scene, the officers were greeted by a woman, who stated that two young black males had forcibly entered the house. Noticing two males running away from the back portion of the house, the officers, after identifying themselves and ordering the suspects to stop, each fired their weapons twice. One of the men, Christopher Cameron, continued to flee from the scene, with Officer Roberts in pursuit. During the chase, Roberts thrice fired his revolver unsuccessfully at Cameron. Soon thereafter, Cameron climbed a fence and ran toward a well-traveled highway, where he suffered fatal injuries when struck by a motor vehicle.

### III.  *Plaintiff's Complaint*

On April 8, 1985, Betty Cameron, the personal representative of her deceased son's estate, filed a civil rights action, under 42 U.S.C. § 1983, against the two police officers and the City of Pontiac. Plaintiff essentially alleged that the police officers used excessive force and committed an unlawful seizure by using deadly force while pursuing the decedent.

Conceding that the decedent was unarmed and not a danger to the community, for purposes of their Motion for Summary Judgment, Defendants argue that Plaintiff failed to state a cause of action upon which relief can be granted. Defendants assert that a fleeing felon cannot collect damages, even when the pursuing officers attempted to use deadly force to apprehend him, where he was injured or killed by an intervening danger encountered along his escape attempt.

### IV.  *Discussion of Tennessee v. Garner*

In *Tennessee v. Garner, supra,* a Memphis, Tennessee, police officer fatally shot an unarmed, fleeing burglary suspect. The decedent's estate instituted a civil rights action in the federal court. In applying deadly force, the police officer complied with a state statute which prescribed that

an officer may use any necessary measures to effectuate the arrest of a criminal suspect, as long as the officer gave notice of his intent to arrest the suspect. Writing for the majority, Justice White, in affirming the Sixth Circuit Court of Appeals,[2] held that the Fourth Amendment to the United States Constitution proscribes the use of deadly force by a police officer against an apparently unarmed, nondangerous fleeing suspect.[3] The Court enunciated the proposition that deadly force may be used only when the officer has probable cause to believe that the fleeing suspect presents a threat of death or serious physical harm to the officer or third parties.[4]

In a blistering dissent, Justice O'Connor, who was joined by Justice Rehnquist and Chief Justice Burger, stated that the opinion of the majority was circumscribed to instances where an officer was successful in his use of lethal force to apprehend a suspect:

> Although it is unclear from the language of the opinion, I assume that the majority intends the word "use" to include only those circumstances in which the suspect is actually apprehended. Absent apprehension of the suspect, there is no "seizure" for Fourth Amendment purposes. I doubt that the Court intends to allow criminal suspects who successfully escape to return later with § 1983 claims against officers who used, albeit unsuccessfully, deadly force in their futile attempts to capture the fleeing suspect. The Court's opinion, despite its broad language, actually decides only that the shooting of a fleeing burglary suspect who was in fact neither armed nor dangerous can support a § 1983 action.[5]

### V.  *Analysis*

In analyzing the instant Motion, this Court, viewing the factual setting in a light favorable to Plaintiff, assumes that the

---

**2.** *Garner v. Memphis Police Department,* 710 F.2d 240 (6th Cir.1983).

**3.** *Garner* at 105 S.Ct. 1709.

**4.** *Id.*

**5.** *Id.* at 1712.

decedent was unarmed and undangerous at the time the officers attempted to apprehend him. Plaintiff does not contest that the two officers had probable cause to believe that the decedent was involved in the breaking and entering of the occupied dwelling.

Subscribing to the view taken by Justice O'Connor in her dissenting opinion, this Court finds that the use of deadly force by a police officer in pursuing an apparently unarmed, nondangerous felony suspect does not, *ipso facto*, amount to a constitutional violation of the suspect's Fourth Amendment rights. While Officer Roberts fired his weapon as many as five times at the decedent, he did not seize him, since each time he used the weapon he either fired a warning shot or was errant in his aim. The Court concludes that the manner in which Christopher Cameron met his death was completely independent of the application of deadly force by Officer Roberts; the moving vehicle by which Cameron was struck was a distinct, unrelated, unexpected, superseding, but efficient medium.[6] It was not reasonably forseeable to Officer Roberts that while attempting to escape from a lawful arrest, Cameron would leap over a fence, run on to a frequently traveled highway, and be fatally struck by a motor vehicle. It would be unfair, and possibly absurd, to permit a fleeing felon, uninjured by a pursuing police officer, to benefit from his unwise choice of an escape route.[7]

### VI. *Conclusion*

As a matter of law, the Court concludes that Plaintiff failed to state a claim upon which relief can be granted. While the majority's opinion in *Garner, supra,* does not address the factual setting herein, this Court declines to permit a fleeing felon to recover under the attendant circumstances.

The decedent was neither apprehended nor seized as a result of Officer Roberts' use of lethal force. Therefore, the Court, pursuant to Fed.R.Civ.P. 12(b)(6), DISMISSES the action.

---

6. In Restatement (Second) of Torts, § 440, a superseding cause is defined as: an act of a third person or other force which by its intervention prevents the actor from being liable for harm to another which his antecedent negligence is a substantial factor in bringing about.

7. For a discussion of the general rule that an intervening, independent, and efficient cause

severs whatever connection exists between a plaintiff's injuries and a defendant's negligence, see *Fowles v. Briggs,* 116 Mich. 425, 74 N.W. 1046 (1898), W. Prosser and W.P. Keeton, The Law of Torts, § 44 at 311–315 (5th ed. 1984); *Dunnivant v. Nafe,* 206 Tenn. 458, 334 S.W.2d 717 (1960).