CLEVEN *v.* GRIFFIN.

1. DAMAGES—PERSONAL INJURIES.

There is no absolute standard by which the amount of damages in personal injury cases can be measured and the amount allowed for pain and suffering must rest in the sound judgment of the trier of the facts.

2. SAME—EXCESSIVE VERDICTS.
    Courts are reluctant to disturb verdicts of juries for personal injuries on the ground that the amount is excessive.

3. APPEAL AND ERROR—VERDICTS AND FINDINGS—PREJUDICE—SYMPATHY.
    The Supreme Court does not usually substitute its judgment for that of a jury in a personal injury action unless the verdict shocks the conscience or has been secured by improper means, prejudice or sympathy.

4. DAMAGES—PERSONAL INJURIES—EXCESSIVE VERDICT.
    Verdict of $2,000 to 21-year-old girl, injured in an automobile accident, was not excessive, where she sustained a slight concussion of the brain, was taken to a hospital unconscious, for first aid, sustained a jagged cut above the eye resulting in scars, cut on nose, cuts and bruises on lower limbs, bruises on hand and injury to ulnar nerve, who thereafter suffered from headaches, nervousness, shock, and loss of sleep, pain in hand, numbness and swelling in fingers, and impairment of use of fingers due to injury to ulnar nerve at time of trial, and who had some expense due to hospital and doctor bills and damage to wearing apparel.

Appeal from Marquette; Bell (Frank A.), J. Submitted April 16, 1941. (Docket No. 74, Calendar No. 41,543.) Decided June 2, 1941.

Case by Marian Cleven against Ira L. Griffin and Underwriters Adjusting Company for injuries arising from an automobile collision. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*M. J. Kennedy,* for plaintiff.

*McGinn & Kueber,* for defendant.

BOYLES, J. Plaintiff was injured in an automobile collision through the admitted negligence of defendant Griffin and a jury awarded plaintiff $2,000 damages. The only question raised on appeal is whether the verdict was excessive.

Plaintiff, 21 years of age, sustained a slight concussion of the brain, was taken to a hospital unconscious, for first aid, sustained a jagged cut above the eye resulting in scars, nose was cut, lower limbs cut and bruised, hand was bruised and the ulnar nerve injured. She was released from the hospital after first-aid treatment. For some length of time she suffered from headaches, nervousness, shock, and loss of sleep. Up to the time of the trial the hand was still painful, fingers became numb and swollen at times, the use of fingers impaired, due to injury to the ulnar nerve. Plaintiff also had some expense due to hospital and doctor bills and damage to wearing apparel.

No complaint is made by appellants that the jury was not properly instructed as to the element of damages. No claim is made that the verdict was obtained by improper methods, prejudice or sympathy. There is no absolute standard by which we can measure the amount of damages in personal injury cases. The amount allowed for pain and suffering must rest in the sound judgment of the triers of the facts. *Watrous* v. *Conor,* 266 Mich. 397; *Weil* v. *Longyear,* 263 Mich. 22. Courts are reluctant to disturb verdicts of juries for personal injuries on the ground that the amount is excessive. *Cawood* v. *Earl Paige & Co.,* 239 Mich. 485. We do not usually substitute our judgment for that of the jury unless the verdict shocks the conscience or has been secured by improper means, prejudice or sympathy. *Watrous* v. *Conor, supra; Michaels* v. *Smith,* 240 Mich. 671. The verdict was within the range of the testimony and not excessive.

Affirmed, with costs.

SHARPE, C. J., and BUSHNELL, CHANDLER, NORTH, WIEST, and BUTZEL, JJ., concurred. McALLISTER, J., took no part in this decision.