## WEEKS *v.* HYATT.

1. AUTOMOBILES.—PASSENGERS—NEGLIGENCE—EVIDENCE.
    Verdict of jury in passengers' actions against defendant motorist finding latter guilty of negligence, *held*, not contrary to the great weight of the evidence.

2. APPEAL AND ERROR—VERDICTS—GREAT WEIGHT OF EVIDENCE.
    The verdict of a jury that is supported by substantial evidence should not be set aside by the Supreme Court even though it might be in doubt as to the ultimate facts as the verdict is not contrary to the great weight of the evidence.

3. AUTOMOBILES—GUEST   PASSENGERS—EVIDENCE—VERDICTS   AND
    FINDINGS.
    Finding of jury that plaintiffs were not guest passengers in defendant motorist's car when accident occurred *held*, supported by evidence, although there was evidence also supporting defendant's contention they were guests, the weight and credibility of the conflicting testimony being for the jury (CLS 1954, § 257.401).

4. SAME—SPECIAL QUESTION—GREAT WEIGHT OF EVIDENCE—GUEST
    PASSENGERS.
    Jury's finding that plaintiffs were not guest passengers in defendant's car at time of accident, in response to defendant's special question which had been properly submitted to jury, controls as to imposition of liability on defendant, since it was not then necessary to show wilful and wanton misconduct

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 3 Am Jur, Appeal and Error § 887.
[3, 4, 8] 5 Am Jur, Automobiles § 239.
[4] 5 Am Jur, Automobiles § 240.
[5] 5 Am Jur, Automobiles § 624.
[7] 20 Am Jur, Evidence § 784.
[8] 5 Am Jur, Automobiles § 730.
[9] 5 Am Jur, Automobiles § 732.
[10] 15 Am Jur, Damages § 203 *et seq.*

on his part, ordinary negligence being sufficient and the verdict as to plaintiffs' status not being contrary to the great weight of the evidence (CLS 1954, § 257.401).

5. SAME—NEGLIGENCE—EVIDENCE—SPEED—CONDITION OF ROAD—ATMOSPHERIC CONDITIONS.

Evidence adduced in action by passengers in defendant's car that defendant was guilty of negligence supported jury's verdict for plaintiffs, where it appears that a drizzly rain was falling, the gravel road was steep and curving, the car failed to negotiate a turn and plaintiffs claimed to have given repeated warnings to drive at a slower speed.

6. EVIDENCE—TIRE.

Finding of jury in response to special question that accident was not due to blowing out of tire *held*, not reversible, where testimony as to condition of tire a week after the accident was not connected with condition of tire at time of accident as refusal of court to admit evidence as of the later date was not error.

7. SAME—BALANCING OF TIRES—QUALIFICATION OF WITNESS.

Admission of testimony as to balancing of automobile wheels with the tires on from a witness who was without technical education, *held*, proper, where witness was qualified by showing a great amount of practical experience in that type of work.

8. AUTOMOBILES—GUEST PASSENGERS—REQUEST TO CHARGE—INSTRUCTIONS.

Defendant's claim that trial court erred in not instructing jury that payment is not, in and of itself, necessarily inconsistent with the guest-passenger relationship may not be heard, where defendant presented no specific request to charge in such respect and charge given covered the law applicable to the facts in the case (CLS 1954, § 257.401; Court Rule No 37, § 9 [1945]).

9. SAME—SPECIAL QUESTIONS—GUEST PASSENGERS—JOINT ENTERPRISE—PASSENGER FOR HIRE—EVIDENCE.

It was not reversible error for trial court to refuse to submit 2 special questions as to passengers for hire and joint enterprise in form presented, where it appears they did not conform to the statutory requirements and, as worded, were limited to certain claims "as the result of" 2 elements of proof which were, at that time, debatable; the court in his charge fully instructed the jury as to the law applicable to transporting passengers for hire, joint enterprise and guest passengers and

the jury decided such issues (CL 1948, § 618.39; CLS 1954, § 257.401).

10. DAMAGES—EXCESSIVE VERDICTS—FRACTURES—PAIN AND SUFFERING—EVIDENCE—HOSPITALIZATION.

Verdicts of $6,000 for plaintiff husband and $4,000 for plaintiff wife for injuries while passengers in defendant's car, *held*, not excessive, where each sustained fractures, were hospitalized for substantial periods of time, sustained pain and suffering and permanent injury, the verdicts being within the range of proofs.

Appeal from Ingham; Salmon (Marvin J.), J. Submitted April 11, 1956. (Docket Nos. 31, 32, Calendar Nos. 46,722, 46,723.) Decided September 4, 1956.

Case by May Irene Weeks against Frederick G. Hyatt for damages for personal injuries suffered while a passenger in his automobile. Similar action by Robert O. Weeks. Cases consolidated for trial and appeal. Verdicts and judgments for plaintiffs. Defendant appeals. Affirmed.

*Sinas, Dramis & Brake,* for plaintiffs.

*John Brattin,* for defendant.

BOYLES, J. Plaintiff Robert O. Weeks and his wife May Irene started separate suits against the defendant for damages claimed to be the result of an automobile accident. The consolidated suits were tried by jury resulting in verdicts of $6,000 for Robert and $4,000 for his wife. After judgments were entered thereon the defendant filed motions for new trial on numerous grounds, and upon denial thereof the defendant appeals.

Defendant's principal contention now seems to be that the verdicts were against the great weight of the evidence in one respect. Reversible error is also

claimed in the admission or exclusion of evidence, in charging the jury, in refusal of the court to submit 2 special questions, and that the verdicts were excessive.

The principal questions of law raised at the trial of the case before the jury were whether the plaintiffs were guest passengers in the defendant's automobile, or passengers for hire, or whether the trip was a joint venture; the answer to each of which questions would have a bearing on the issue whether the defendant was liable for negligence in operating his automobile on the highway, the plaintiffs being transported in his car at the time.

Plaintiffs had been invited to attend a reunion of the Weeks family, to be held August 8, 1954, near Grand Rapids. They were without transportation. Several days prior thereto they requested the defendant, a close personal friend, to drive them there. He replied that he was not able to do so as he was short of cash. On the evening of August 7th plaintiff Robert Weeks offered to give defendant $5 if he would take them to the reunion. Weeks testified that he offered this sum because it was all the money he had in his pocket at the time. Defendant took the money and agreed to take them to the family reunion. The $5 proved to be more than the amount necessary to pay for defendant's gas and oil for the 140-mile round trip. Mrs. Weeks agreed to pack a lunch, for the defendant to eat with them. The defendant planned to paint or make sketches of scenes while at the reunion.

The party of 3 left Lansing early in the morning of August 8th for the park near Grand Rapids. The route the parties planned to take called for them to travel M-21 to the Honey Creek road. The latter was dangerous and defendant was warned by plaintiffs of its character beforehand. The accident in which plaintiffs were injured happened on Honey

Creek road 4 or 5 miles north of M–21. Defendant was attempting to negotiate a turn in the road when his automobile went out of control and slued into a tree. There was a drizzly rain falling at the time. The events that happened as the parties traversed the Honey Creek road are in dispute, and the testimony of the plaintiffs and of the defendant disagrees, at least in part. Plaintiffs testified that they asked defendant to slow down, that he refused to do so but increased the speed until it was dangerous, and that the defendant caused the car to zigzag. Defendant denied these claims. A disinterested witness who saw the accident testified that he saw the defendant's car zigzag, and saw it strike the tree. He estimated its speed at that time and place at 20 to 25 miles per hour. Mrs. Weeks testified that its speed was much greater. The question of speed of the automobile, both before and at the time of the accident, was much in dispute. An ineffectual attempt to prove the speed was made by showing the speedometer after the accident.

The jury heard the details as to the conditions of the highway and of the physical facts as they appeared immediately after the accident, as well as the conflicting testimony of the witnesses, including that of an impartial witness who observed the accident. A review of the record here convinces that the verdict of the jury, finding that the defendant was guilty of negligence, was not contrary to the great weight of the evidence.

In *Bennett* v. *Hill,* 342 Mich 754, 760, the Court said:

"It is also urged that the jury's verdict is contrary to the great weight of the evidence. In examining the record before us we find that there is substantial evidence to support the verdict. Under such facts we cannot say that the verdict of the jury was contrary to the great weight of the testimony."

In the above opinion the Court quoted from, and relied on, *Werker* v. *McGrain,* 315 Mich 287, also an automobile negligence damage suit, wherein Justice North, writing for the Court, said (p 291):

"If there is substantial evidence tending to support the verdict it should not be set aside even though this Court might be in doubt as to the ultimate facts. *Pulford* v. *Mouw,* 279 Mich 376. The conflicting testimony, together with the physical facts and circumstances, clearly presented a question of fact for the jury's determination. The record has been examined and we find there is substantial evidence tending to support the verdict."

Appellant now claims that the jury should have found affirmatively that plaintiffs were guest passengers, that the defendant was not guilty of gross negligence, wilful and wanton misconduct—that the verdicts were against the great weight of the evidence in those respects—and that, therefore, plaintiffs should not recover damages. Appellant claims that the plaintiffs were guest passengers and, therefore, barred from recovery by virtue of the provisions of CLS 1954, § 257.401 (Stat Ann 1952 Rev § 9.2101).

While there was some testimony that would support a finding that plaintiffs were guest passengers, there was other testimony, if given weight and credibility by the jury, to show that plaintiffs were passengers for hire, or possibly that plaintiffs and the defendant were engaged in a joint venture. The jury weighed the testimony, and judged its credibility, as it had the sole right to do. *Wright* v. *Barron,* 318 Mich 409; *Coburn* v. *Goldberg,* 326 Mich 280. We do not find, from the record, that the verdict was against the great weight of the testimony in the respect argued by appellant. The weight and credibility of the conflicting testimony was for the jury. *Saunders* v. *Joseph,* 300 Mich 479.

In a reply brief filed here by counsel for the defendant-appellant after the oral argument on this appeal, appellant disregards the earlier issues whether these parties were engaged in a joint venture, or whether plaintiffs were passengers for hire. Appellant's counsel, in said reply brief, says:

"We have no quarrel with the cases counsel cites regarding joint ventures, nor do we argue with his analysis of the law. As a matter of fact, we feel that this law shows conclusively that these parties could not have been joint venturers. * * *

"In the light of the questions posed by Justice DETHMERS at the oral argument, it appears that we may not have made our position clear. Our contention is, first, that on the basis of the testimony the plaintiffs could have been neither passengers-for-hire nor joint venturers with defendant *as a matter of law*; that there was no testimony to show the legal requisites of either."

Apparently this leaves appellant to rely now solely on a claim that plaintiffs were guest passengers in defendant's car, and that the defendant was not guilty of wilful and wanton misconduct.

On the trial of this case before the jury, after the proofs were in, the court granted a request of the defendant and submitted to the jury the following special question:

"Do you find from the evidence that the plaintiffs were guest passengers in the automobile driven by defendant?"

The jury answered the question in the negative. The question was properly submitted to the jury at the defendant's request, and it was within the jury's province to decide it. The jury found that the plaintiffs were not guest passengers.

"The special verdict, or finding, shall be filed with the clerk, and entered upon the minutes, and when

any special finding of facts shall be inconsistent with a general verdict, the former shall control the latter, and the court give judgment accordingly." CL 1948, § 618.39 (Stat Ann § 27.1019).

The difference between ordinary negligence and gross negligence (wilful and wanton misconduct) thus being eliminated, the question of fact, whether the defendant was guilty of any negligence which was a proximate cause of the accident, was left to the jury to decide. The special finding by the jury, that there was no guest-passenger relationship, controls. In effect, appellant claims, rather belatedly, that the jury should have answered his special question in the affirmative, as to whether, from the evidence, the plaintiffs were guest passengers in defendant's automobile. Unfortunately for appellant's present position, the jury did answer his question in the negative. Furthermore, assuming that the question is still before us, we find, from the record, that the great weight of the evidence does not preponderate to establish that the defendant was guilty of gross negligence—wilful and wanton misconduct. It does, however, support the finding of the jury, that the defendant was guilty of negligence in the operation of his automobile at the time and place in question, under all the circumstances shown by the record here in the case. There was testimony that the road upon which the accident happened had many sharp curves and steep grades, that it was gravel, and that a drizzly rain was falling. Did defendant attempt to drive around the turn at a speed greater than was reasonable and proper under all the circumstances? The jury heard the testimony, and could give it such credibility as they thought proper. It was the province of the jury to find the facts. It is undisputed that while the defendant was attempting to negotiate a turn in the gravel road his car failed to make the turn, ran off the road and into

a tree. It was left to the jury to decide whether the defendant was exercising proper care and caution in attempting to make the turn, considering his rate of speed and the condition of the highway. The court properly left the question to the jury, and the verdicts were not against the great weight of the evidence.

The defendant for reversal claims error in admitting or refusing to admit certain evidence. The court refused to receive in evidence one of the wheels and tire off the defendant's automobile. In a garage about a week later the tire was still mounted upon the wheel and was deflated. Defendant argues that the tire blew out and that this caused the accident. One of plaintiffs' witnesses who saw the automobile immediately after the accident testified unequivocally that the tire in question was then still inflated. The only support for defendant's claim of a blowout is the testimony of 1 witness who saw the wheel and tire about a week later and after it had been taken to a garage. The trial court properly refused to receive the wheel and tire in evidence. It was not established that the tire had remained unchanged, deflated, after the accident, and until a week later. And in that connection the court, at the request of counsel for the defendant, submitted defendant's question 4 to the jury, which the jury answered in the negative. It was as follows:

"4. Do you find from the evidence that the proximate cause of the accident was the blowing out of the defendant's right-front tire?"

We find no reversible error in the court's refusal to allow the wheel and tire to be received in evidence.

Appellant claims error in receiving the testimony of a plaintiffs' witness as to the manner of balancing automobile wheels, with the tires on. It was properly received by the trial court. While the

witness did not have a technical education, he was qualified as a witness by showing a great amount of practical experience he had had in that type of work.

Appellant argues that it was error for the trial court not to instruct the jury that payment is not, in and of itself, necessarily inconsistent with the guest-passenger relationship. The trial court charged the jury, in part, as follows:

"In order that a passenger be considered a guest, the dominant motive of the driver in transporting the passenger must be a host-guest relationship, wherein the relationship between the driver and the passenger is primarily social, for the word 'guest' connotates both a social relationship and the existence of a host.

"The benefit accruing to the driver, which will remove a passenger from the category of a guest, need not be a direct monetary benefit but may be an indirect prospective or contingent benefit."

The charge seems to cover the law applicable to the facts in the case. Furthermore, under Court Rule No 37 (1945), defendant cannot be heard to complain that the charge is not a fair one on said question of payment for transportation, in view of the fact that no specific charge was requested by the defendant on this point of the case. Section 9 of said rule provides:

"The failure of the court to instruct on any point of law shall not be ground for setting aside the verdict of the jury unless such instruction is requested."

Appellant requested that certain special questions be submitted to the jury and seeks reversal because the trial court declined to submit the 1st and 2d questions, which were:

"1. Do you find from the evidence that the plaintiffs were passengers for hire as the result of an

express contract between themselves and the defendant whereby the defendant agreed to transport the plaintiffs from Lansing to plaintiffs' family reunion and return because of the payment of money by the plaintiffs to the defendant?

"2. Do you find from the evidence that the plaintiffs were joint adventurers or engaged in a joint enterprise with the defendant as the result of a community of interest in making the trip to the reunion and an express or implied agreement for joint control and operation of the defendant's vehicle?"

It is probable, from the comment of the trial judge in refusing to submit said questions to the jury in their requested form, that the court felt that they did not conform to the statute, CL 1948, § 618.39 (Stat Ann § 27.1019). The court, however, did offer to submit special questions on said 2 propositions of passenger-for-hire and joint enterprise, if counsel for the defendant would reword them in the same form as question 3 on guest-passenger relationship, which question the court did submit. However, counsel for defendant said he preferred not to submit them unless in the form requested. The wording of these 2 proposed questions, being limited to certain claims "as the result of" 2 elements of proof which, to say the least, were at that time debatable, justified the action taken by the court in refusing to submit them. The court in his charge fully instructed the jury as to the law of transporting passengers for hire, as to the law of joint venture or joint enterprise, and the law applying to guest passengers. The jury, by their verdicts, decided these issues. Under the circumstances, it was not reversible error to refuse to submit questions 1 and 2 in the form as presented. *Hoekzema* v. *Van Haften,* 320 Mich 683, 690; *Corfeld* v. *Douglas Houghton Hotel Co.,* 324

Mich 459; 467; *Miller* v. *Pillow*, 337 Mich 262, 269; *Bennett* v. *Hill, supra,* 760.

Finally, appellant claims that the verdicts for both plaintiffs were excessive. There was proof that May Irene Weeks had a fractured hip, repaired by surgery by fastening the fracture by a screw and inserting a 16-inch nail; that she was hospitalized a long period of time, suffered a cerebral concussion, shock, pain and suffering, and permanent injury. Mr. Weeks also suffered a fracture, was hospitalized, foot swollen for 10 days, then placed in a cast, had pain and suffering, plus possible permanent injury. The verdicts were within the range of the proofs, and not excessive. 6 Callaghan's Michigan Pleading & Practice, § 41.13; *Cleven* v. *Griffin,* 298 Mich 139, 141.

Affirmed. Costs to plaintiffs.

DETHMERS, C. J., and SHARPE, SMITH, KELLY, CARR, and BLACK, JJ., concurred.

EDWARDS, J., took no part in the decision of this case.