### SACRED HEART AID SOCIETY *v.* AETNA CASUALTY & SURETY COMPANY.

1. Appeal and Error—Questions Reviewable—Surety Bond—Audit.

    Surety's pleaded defense to action on surety bond of plaintiff nonprofit corporation's treasurer that plaintiff had failed to comply with a condition of the bond requiring a careful inspection and audit of its books and accounts was not involved on plaintiff's appeal, where jury had returned a verdict for defendant surety and intervenor treasurer.

2. Principal and Surety—Corporations—Treasurer—Conversion of Funds—Evidence—Question for Jury.

    The question of whether or not intervening defendant treasurer of plaintiff nonprofit corporation was guilty of converting funds of plaintiff to his own use was properly submitted to jury in action against surety, where plaintiff's records were introduced in evidence and such defendant procured an audit by a duly qualified individual whose report corroborated his claim that the records had not been accurately and properly kept and did not reflect the true condition of plaintiff's affairs.

3. Same—Treasurer—Burden of Proof of Conversion of Funds.
    The burden of proof rested on plaintiff nonprofit corporation to establish that intervening defendant treasurer had in fact appropriated and converted to his own use moneys belonging to plaintiff that had come into his possession as treasurer in

---

References for Points in Headnotes

[2] 50 Am Jur, Suretyship § 362.
[3] 50 Am Jur, Suretyship § 357.
[5-7] 50 Am Jur, Suretyship § 363; 53 Am Jur, Trial § 512 *et seq.*

action on surety bond for alleged defalcation, such dishonesty not being lightly inferred but required to be established by clear and satisfactory proof.

4. APPEAL AND ERROR—VERDICTS—GREAT WEIGHT OF EVIDENCE—NEW TRIAL.

Finding of trial judge that verdict for defendant surety and intervening defendant treasurer of plaintiff nonprofit corporation in latter's action to recover for claimed conversion of funds to intervenor's own use, was not against the great weight of the evidence *held*, proper, where the determination of the issues of fact presented depended quite largely on credibility of the witnesses; hence, plaintiff was not entitled to new trial on such ground.

5. SAME—INSTRUCTIONS—REQUESTS TO CHARGE.

Claim that charge to jury in nonprofit corporation's action against surety on its treasurer's bond and the intervening defendant treasurer for latter's defalcations did not present the substantial issues in the case *held*, not well-founded, where issues were clearly defined by the pleadings, jury was charged with reference thereto, plaintiff submitted no requests to charge and charge as a whole fairly presented issues to jury.

6. PRINCIPAL AND SURETY — CORPORATIONS — TREASURER — INSTRUCTIONS — REQUEST TO CHARGE.

An action by nonprofit corporation on surety bond of plaintiff's treasurer for wrongful conversion of its funds is not a suit for accounting or for other form of equitable relief nor an action of assumpsit and the obligation of the surety company was limited in accordance with the obligation it had executed, hence, trial judge was not in error in not having charged that intervening defendant treasurer should have accounted for the moneys claimed by plaintiff, especially in the absence of request so to charge.

7. APPEAL AND ERROR—TREASURER—FIDUCIARY—REQUEST TO CHARGE —SAVING QUESTION FOR REVIEW.

Plaintiff nonprofit corporation may not claim on appeal that its treasurer, the intervening defendant in action against defendant surety, stood in a fiduciary relation and that the trial judge should have so charged, where no request so to charge had been proffered and the question was not raised in the trial court on motion for new trial or otherwise.

Appeal from Kent; Souter (Dale), J. Submitted January 6, 1959. (Docket No. 6, Calendar No. 47,250.) Decided February 20, 1959.

Action by Sacred Heart Aid Society, a nonprofit corporation, against the Aetna Casualty & Surety Company, a corporation, on surety bond for alleged defalcation of former treasurer, Walter J. Jachim, who intervenes as party defendant. Verdict and judgment for defendants. Plaintiff appeals. Affirmed.

*Sigmund S. Zamierowski (Harry L. Merdzinski,* of counsel), for plaintiff.

*Varnum, Riddering, Wierengo & Christenson (James K. Miller,* of counsel), for defendant.

*Walter J. Russell,* for intervening defendant.

Carr, J. Plaintiff herein is organized as a nonprofit corporation, apparently for the benefit of its members, who pay dues and are entitled, as it is claimed, to sickness and death benefits. During the period in question in this case plaintiff was engaged in certain business activities from which it received financial returns. Its affairs were handled by duly elected officers, and during the 2-year period beginning September 1, 1951, the treasurer was Walter J. Jachim.

On the 15th of September, 1951, the defendant Aetna Casualty & Surety Company executed its obligation to plaintiff to pay pecuniary loss that might be sustained by the latter "by any act or acts of Larceny, Embezzlement, Theft, Forgery, Misappropriation, Wrongful Abstraction, Willful Misapplication, or any other act of Fraud or Dishonesty committed directly or through connivance with others by any officers or employees of the obligee occupying the positions now named in or hereafter added to the schedule attached hereto and which is hereby made a part of this bond." It is conceded

that the liability of the surety company was limited
to the sum of $2,000. On June 25, 1954, plaintiff
instituted action on the bond, claiming that the
treasurer, Walter Jachim, "did not faithfully dis-
charge his duties as such treasurer, but on divers
dates between the said first day of September, 1952,
and August 31, 1953, appropriated and converted to
his own use a sum in the excess of $2,500 of the
moneys of the plaintiff coming into his hands as such
treasurer."

On petition the treasurer was permitted to inter-
vene as a party defendant, with leave to the plain-
tiff to amend its declaration to include additional
claims against the intervenor. Pursuant to the order
the pleading was amended by increasing the allega-
tion as to the amount of money converted and ap-
propriated by the treasurer to the sum of $3,500.
Defendant Jachim filed answer denying that he ap-
propriated any funds of the plaintiff. The surety
company likewise answered, leaving plaintiff to its
proofs with reference to the alleged conversion and
misappropriation, and asserting, as a defense to lia-
bility on its part, that plaintiff had failed to comply
with a condition of the bond requiring a careful in-
spection and audit of its books and accounts. In
view of the verdict of the jury, no question as to
such defense is involved in this appeal.

At the conclusion of plaintiff's proofs on the trial
the defendant surety company moved for a directed
verdict in its favor. The motion was taken under
advisement* and the cause submitted to the jury.
Verdict was returned in favor of both defendants.
Plaintiff moved for a new trial, claiming that the
said verdict was contrary to the great weight of
the evidence, and that it was prejudiced by alleged

* See CL 1948, § 691.691 et seq. (Stat Ann and Stat Ann 1957
Cum Supp § 27.1461 et seq.).—REPORTER.

errors and omissions in the charge to the jury. The motion was denied, and plaintiff has appealed.

On the trial of the case in the circuit court plaintiff relied on records of its business transactions indicating that defendant Jachim had received payments in excess of the amount of money for which he had accounted, by records of disbursements or otherwise. The treasurer, who was examined and cross-examined at length, denied that he had appropriated and converted to his own use any of the funds of the plaintiff that had come into his hands. It was his claim, in substance, that the records kept were inaccurate and incomplete, that, in fact, receipts had been signed indicating the payment of greater sums of money by employees in charge of the business operations of the plaintiff than had actually been paid to him. He claimed, further, and his testimony in this respect was corroborated, that he had repeatedly sought an audit of the books and records and had stated to other officers of plaintiff corporation that the accounts were not in balance and did not accurately reflect the true situation. His request for such an audit by competent accountants was not granted, apparently because of a reluctance to assume the necessary expense.

After the inception of the controversy involved in the present litigation Jachim procured an audit to be made by a duly qualified individual, the report thereof being introduced in evidence on the trial. The exhibit tends to corroborate the claim that the records were not accurately and properly kept, and that the true condition of the financial affairs of the plaintiff was not reflected therein. The testimony in the case clearly presented a question as to whether the treasurer was guilty of the conduct charged against him in plaintiff's declaration. Such factual issue was properly submitted to the jury for determination.

In order to be entitled to a verdict in its favor at the hands of the jury the burden of proof rested on the plaintiff to establish that the treasurer had in fact appropriated and converted to his own use moneys belonging to the plaintiff that came into his possession as treasurer. The charge made was a serious one. Plaintiff's case rested on the theory that defendant Jachim was guilty of conduct amounting to a criminal offense. Dishonesty on the part of an officer or employee under circumstances of the character here involved may not be lightly inferred, but must be established by clear and satisfactory proof. *Baker* v. *Frischkorn,* 271 Mich 485, 490.

The situation is somewhat analogous to that presented in *Monaghan* v. *Agricultural Fire Insurance Company,* 53 Mich 238. There the defendant insurance company claimed by way of defense in an action on a policy issued by it that the fire which damaged property covered by said policy had been set by one of the persons for whose protection the insurance contract had been executed, and who had procured its issuance. Commenting on the situation in this respect, it was said (p 255):

"The rule of law that the presumption of innocence attended Mrs. Monaghan in this case the same as if she had been on trial for the criminal offense of arson, and that it was not necessary to establish the charge against her, in the minds of the jury, beyond a reasonable doubt, is correctly laid down in the instruction given. The defendant must establish by a preponderance of proof that the facts exist which would constitute the crime of arson; and there is no preponderance unless the testimony adduced is sufficient to overcome the presumption of innocence as well as to establish the guilt of Mrs. Monaghan. But whenever sufficient evidence is produced to satisfy the jury that she burned or caused

the house to be burned, with the intent to defraud the defendant, such evidence is sufficient to overcome the presumption of innocence, and no further proof is required."

The judgment in the above case, which was entered against the defendant, was reversed because of language in the charge to the jury that may have been misunderstood. Obviously, however, the burden there assumed by the defendant insurance company was analogous to that resting on the plaintiff in the instant action. In other words, plaintiff here was bound to prove as a condition of recovery that its treasurer had in fact appropriated and converted its funds to his own use. Of like import is *In re Estate of King,* 94 Mich 411, 421, where it was said:

"The presumption of the law is in favor of honest rather than dishonest motives; and, if it is claimed that an employee has misappropriated money with which he has been intrusted, such misappropriation must be shown before a claim can be established against him on account of it."

We are in accord with the finding of the trial judge that the verdict of the jury was not against the great weight of the evidence. The determination of the issues of fact presented depended quite largely on the credibility of the witnesses. Such question was properly left to the jury for determination. *Weeks* v. *Hyatt,* 346 Mich 479, 484.

Appellant also claims that the charge to the jury did not fairly present the substantial issues in the case. The contention is not well-founded. The issues were clearly defined by the pleadings, and the jury was charged with reference thereto. Michigan Court Rule No 37, § 9 (1945), provides that:

"The failure of the court to instruct on any point of law shall not be ground for setting aside the verdict of the jury unless such instruction is requested."

See, also, *Steep* v. *Harpham,* 241 Mich 652, 658. In the case at bar counsel for plaintiff did not submit to the trial judge any requests to charge. In consequence, the present contention is based on a claim that, notwithstanding the absence of proper requests, the charge as given did not sufficiently emphasize plaintiff's claims. It is further contended that the judge emphasized too strongly the burden of proof resting on the plaintiff. Our examination of the charge in its entirety brings us to the conclusion that the issues were fairly presented, the trial judge relying on *Farmers Produce Co.* v. *Aetna Casualty & Surety Co.,* 238 Mich 405, which, like the case at bar, was an action on a surety bond executed by the defendant. The averments of the declaration were such as to leave no question with reference to the nature of the proofs required to support them. Whether or not they did so was for the jury to determine. As stated in *Hartley* v. *A. I. Rodd Lumber Co.,* 282 Mich 652, 659:

"Plaintiff was bound to set forth in her declaration the material facts relied on as her cause of action and to prove the same by the testimony. The pleadings must frame the issue."

See, also, 19 MLP, Pleading, § 24, p 53, and *Weeks* v. *Hyatt, supra* (p 488). The charge to the jury in the instant case properly presented the claims of the parties.

On behalf of appellant it is argued that the trial judge should have charged the jury that the duty rested on defendant Jachim to account for the moneys claimed by plaintiff to have been received by him. As before noted, no requests to charge were submitted on behalf of plaintiff. Furthermore, the burden of proof was on the plaintiff in the case to establish the claim set forth in its pleading. This was not a suit for an accounting or for other form

of equitable relief, nor was it an action in assumpsit. On the contrary, plaintiff sought judgment on the theory of wrongful conversion of its funds. In bringing action on the bond it was, of course, bound to take such position. The obligation of the defendant surety company was limited in accordance with the obligation that it had executed. It was held in *Daugherty* v. *Park,* 274 Mich 673, that:

"In action against bank and one of its officers for fraudulently inducing plaintiff to pay stock assessment and subsequently to transfer stock, refusal to give requested instructions appropriate only to an action of assumpsit, not to fraud, *held,* proper, where declaration was in tort and no amendment had been made." (Syllabus 1.)

*Holden* v. *Lashley-Cox Land Co.,* 316 Mich 478, cited by counsel for appellant, was a suit in equity for the liquidation of a corporation, the appointment of a receiver, and other equitable relief. It may not be regarded as in point on the issues involved in the instant case, nor in the manner of submission of said issues to the jury. Like comment may be made with reference to other cases to which our attention has been directed. Appellant may not now contend that the failure of the trial judge to charge that defendant Jachim stood in a fiduciary relation to plaintiff was prejudicial to it. It does not appear that the question was raised in the trial court on the motion for a new trial, or otherwise. In consequence it is unnecessary to consider it here. *Kellom* v. *City of Ecorse,* 329 Mich 303, 309; *Davis* v. *Jermstad,* 350 Mich 439, 444. Other questions argued in the briefs do not require discussion.

We find no reversible error in the case, and the judgment entered in circuit court is affirmed.

Dethmers, C. J., and Kelly, Smith, Black, Edwards, Voelker, and Kavanagh, JJ., concurred.