## ROBERTS v. RUBIN.

1. VENDOR AND PURCHASER—LAND CONTRACT—ASSIGNMENT OF PURCHASER'S INTEREST—PERSONAL LIABILITY—DEFICIENCY JUDGMENT.
      An assignee of the purchaser's interest in a land contract must be shown to have expressly assumed the obligation of paying the balance due on the land contract before he can be held personally liable for the debt and subject to a deficiency judgment following foreclosure proceedings by the vendor.

2. SAME—LAND CONTRACT—ASSIGNMENT OF PURCHASER'S INTEREST—PERSONAL LIABILITY—DEFICIENCY JUDGMENT—FINDINGS OF FACT.
      Trial court's award of a deficiency judgment to plaintiff following a foreclosure on property being sold by them to defendant as assignee of the original purchaser under a land contract *held*, improper, where there was not sufficient evidence in the record to establish to what extent, if any, defendant agreed to assume personal liability, and the trial judge made no finding on this point (GCR 1963, 517).

----

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 55 Am Jur, Vendor and Purchaser §§ 453, 460.
[3] 5 Am Jur 2d, Appeal and Error §§ 1009, 1014, 1015.

3. Costs—Cause Remanded for Further Proceedings.

  Costs must abide the outcome of a matter remanded by the Court of Appeals to the trial court for further findings of fact.

Appeal from Wayne, Farmer (Charles S.), J. Submitted Division 1 January 8, 1968, at Detroit. (Docket No. 2,883.) Decided October 23, 1968.

Complaint by Charles P. Roberts and Alice Roberts against Samuel H. Rubin to foreclose a land contract, for a deficiency judgment, and for the appointment of a receiver. Judgment for plaintiffs. Defendant appeals. Remanded for further proceedings.

*Cassese, Batchelder & Jasmer,* for plaintiffs.

*Samuel H. Rubin, in propria persona.*

J. H. GILLIS, J. Plaintiffs brought an action to foreclose a land contract, the purchaser's interest of which was allegedly held by defendant by way of assignment. Plaintiffs alleged that defendant defaulted in the payment of sufficient monthly sums to cover principal, interest, and tax escrow deposits as called for by the contract. Defendant answered that the default was not his but plaintiffs' in that plaintiffs had defaulted in their mortgage payments and payments for taxes on the property. Thereupon defendant counterclaimed for rescission. Plaintiffs admitted the defaults but maintained that they were precipitated by the default of defendant.

There was disagreement by the parties regarding the balance due on the land contract. The trial judge resolved the issue in favor of plaintiffs and determined further that defendant was first to default. Judgment was entered in favor of plaintiffs on their

complaint to foreclose the land contract and against defendant on his counterclaim to rescind. Defendant was ordered to pay the balance of the debt and, failing such payment, it was ordered that the property be sold with defendant adjudged personally liable for any deficiency. Defendant failed to pay and the property was in fact sold.

On appeal, the defendant urges that there was no factual support for the judgment. After a careful study of the record, we are convinced that there was sufficient evidence to support the findings by the trial judge. The one issue defendant raises on appeal which, in our opinion, deserves further consideration is the question of the basis of the personal liability of defendant for the deficiency. Before defendant can be held personally liable, it must be shown that defendant, as an assignee of the purchaser's interest in the land contract, expressly assumed the obligation. *Winsor* v. *Ludington* (1889), 77 Mich 215; *McCurdy* v. *Van Os* (1939), 290 Mich 492. If defendant is not personally liable for the debt, a deficiency judgment against him was improper.

The first assignment to defendant was by the purchaser and dated April 4, 1951. The assignment was of an undivided 7/10 interest in the land contract and indicated a balance owing upon the contract of $172,500. The standard clause calling for the assignee to assume and agree to pay the balance was crossed out. A similar assignment was made to Mr. Arthur G. Rosser of an undivided 15/100 interest in the land contract. The balance was indicated and the assumption clause was crossed out. The remaining 15/100 interest was presumably retained by the original purchaser.

In their complaint, plaintiffs alleged that the entire vendee's interest was assigned to defendant and that defendant assumed and agreed to pay the debt by virtue of an assignment dated April 28, 1951.

Attached to the complaint was an alleged copy of that assignment as it appeared in the Wayne county records. The supposed copy, however, was dated April 28, 1954 and purported to cover the entire purchaser's interest. No balance owing on the contract was shown and the assumption clause was not crossed out. In his answer, defendant admitted that he bought the purchaser's interest in the land contract having a balance of $172,500 and that on April 28, 1951, an assignment of the purchaser's interest was executed to him.

In answer to one of plaintiffs' pre-trial interrogatories, defendant replied:

"I began negotiating to acquire the vendees interest on April 4, 1951 and obtained an assignment from Clarence Stevenson and Mable[*sic*] Stevenson on August 5, 1951, but apparently said assignment was misplaced and I received a duplicate on April 28, 1954."

On direct examination defendant reiterated that the assignment of April 28, 1954 was only intended to be a duplicate of the assignment of April 4, 1951 which he claimed he had lost. As noted above, however, the two assignments were substantially different. And on cross-examination defendant imputed an entirely different meaning to the later assignment:

"*Q.* You got more than one assignment from Stevenson, didn't you?
"*A.* Yes.
"*Q.* What is the correct date; is it 1954, or 1951?
"*A.* 1951. I think the 1954 assignment covers the balance of his interest."

As to this issue of whether defendant is personally liable to plaintiffs for a deficiency, the record lacks sufficient evidence to establish with certainty to

what extent, if any, defendant expressly assumed and agreed to pay the debt. Moreover, we are not directed to any finding of the trial judge on this point. We therefore remand to the trial court to make such a finding pursuant to GCR 1963, 517, either based on the present record or by the taking of additional testimony. This Court shall retain jurisdiction until the final outcome shall be determined.

Costs to abide the proceedings on remand.

Quinn, P. J., and Holbrook, J., concurred.