DILLARD *v.* BRAUNSTEIN

1. Damages—Personal Injury Cases—Jury Award—Excessive Award—Appeal and Error—Standard of Review.

A jury award in a personal injury case will generally be sustained on appeal whether attacked as excessive or inadequate, if the award is within the scope of the testimony, fairly represents the judgment of the jury, and does not appear to have been the result of prejudice, passion, partiality, sympathy or corruption; however, an award which is so excessive as to shock the judicial conscience will be reduced.

2. Damages—Personal Injury Case—Remittitur—Discretion—Abuse of Discretion.

Ordering a remittitur to $20,000 of a jury verdict of $50,000 in a personal injury case was an abuse of discretion where medical testimony established that the plaintiff was suffering from a protruded disc in his back and the proofs as to pain, suffering, permanency of injury, medical and hospital expenses, and loss of wages were sufficient to justify the verdict.

Appeal from Wayne, Edward S. Piggins, J. Submitted Division 1 February 8, 1971, at Detroit. (Docket No. 8583.) Decided March 31, 1971. Application for rehearing denied May 11, 1971. Leave to appeal denied, 385 Mich 770.

Complaint by Norman Dillard and Stuyvesant Insurance Company, his subrogee, against Joe Braunstein for automobile negligence. Verdict for plaintiff of $50,000. Defendant's motion for new

---

References for Points in Headnotes

[1] 22 Am Jur 2d, Damages §§ 363–397.
Excessiveness of damages for personal injuries resulting in death of adult (for years 1941–1950). 17 ALR2d 832.
[2] 22 Am Jur 2d, Damages §§ 366, 367.

trial denied, and judgment entered for $20,000. Plaintiffs appeal. Remittitur set aside, and case remanded for entry of judgment on the verdict.

*Zeff & Zeff* (*Edward Grebs,* of counsel), for plaintiffs.

*Stanley H. Maples,* for defendant.

Before: DANHOF, P. J., and HOLBROOK and BRONSON, JJ.

PER CURIAM. Plaintiff Norman Dillard was awarded a verdict of $50,000 by a jury, for injuries suffered when defendant's automobile struck the rear end of plaintiff's automobile. Defendant's motion for a new trial was granted by the trial court. The plaintiff[1] thereupon moved for a re-hearing on the motion for a new trial. The trial court, after the hearing, decided to deny the motion for new trial provided plaintiff would agree to reduce the judgment to $20,000. Although the plaintiff did not agree to the reduction in the jury verdict, the trial court ordered that a motion for new trial be denied and judgment entered for $20,000. From this order, plaintiff appeals.

The standard of appellate review in a personal injury case from a trial court's remittitur of a jury verdict was recently set forth in *Stevens* v. *Edward C. Levy Company* (1965), 376 Mich 1, 4, wherein the Court stated:

"In point is the following quotation from 6 Callaghan's Michigan Pleading & Practice (2d ed), § 41.13, (p 397), cited with approval in *Weeks* v. *Hyatt* [1956], 346 Mich 479, 490:

---

[1] "Plaintiff" will be used throughout to refer to Norman Dillard, the injured party, and Stuyvesant Insurance Co., his subrogee.

" 'As long as the amount awarded is within the range of the evidence, and within the limits of what reasonable minds might deem just compensation for such imponderable items as personal injuries sustained and pain and suffering, the verdict rendered should not be set aside.'

"We approve, also, from 9 Michigan Law & Practice, Damages, § 61, pp 62, 63:

" 'There is no fixed criterion for determining when an award of damages is excessive, but if an award is within the scope of the testimony, fairly represents the judgment of the jury, and does not appear to have been the result of prejudice, passion, partiality, sympathy, or corruption, it will generally be sustained, whether attacked as excessive or inadequate. However, if an award is so excessive as to shock the judicial conscience, it will be reduced.

" 'The permanency of an injury has a bearing on whether an award is excessive.'

"In *Cleven* v. *Griffin* [1941], 298 Mich 139, this Court said:

" 'There is no absolute standard by which we can measure the amount of damages in personal injury cases. The amount allowed for pain and suffering must rest in the sound judgment of the triers of the facts. *Watrous* v. *Conor* [1934], 266 Mich 397; *Weil* v. *Longyear* [1933], 263 Mich 22. Courts are reluctant to disturb verdicts of juries for personal injuries on the ground that the amount is excessive. *Cawood* v. *Earl Paige & Co.* [1927], 239 Mich 485. We do not usually substitute our judgment for that of the jury unless the verdict shocks the conscience or has been secured by improper means, prejudice or sympathy. *Watrous* v. *Conor, supra; Michaels* v. *Smith* [1927], 240 Mich 671. The verdict was within the range of the testimony and not excessive.'

"In *Majewski* v. *Nowicki* [1961], 364 Mich 698, we said:

" 'There is nothing to indicate that the verdict was reached as a result of passion, prejudice, mis-

take of law or of fact, or that it amounts to an injustice to defendants or is contrary to the evidence. We can only conclude that the entering of an order requiring remittitur constituted an abuse of discretion.' "

Applying these principles to the instant case, we conclude that the trial court abused its discretion in requiring the remittitur. The verdict, as rendered by the jury, was within the range of the testimony presented. Medical testimony, if accepted as true by the jury, established that Norman Dillard was suffering from a protruded disc in his back. The proofs as to pain, suffering, permanency of injury, medical and hospital expenses, and loss of wages were sufficient to justify the verdict. Although the verdict is a substantial one, we cannot say that it shocks our judicial conscience. *Watrous* v. *Conor* (1934), 266 Mich 397; *Stowers* v. *Wolodzko* (1969), 19 Mich App 115; *Shirley* v. *The Drackett Products Company* (1970), 26 Mich App 644.

Accordingly, we set aside the remittitur and remand for entry of judgment on the verdict. Costs to plaintiff.