TARVER v CITY OF DETROIT

OPINION OF THE COURT

1. DAMAGES—MEDICAL EXPENSES—REMITTITUR—VERDICT.

A remittitur ordered by a trial court in an award to a plaintiff
father for medical expenses incurred by his injured son was
proper where the jury's verdict was not within the range of the
testimony presented.

CONCURRENCE IN PART, DISSENT IN PART, BY V. J. BRENNAN, P. J.

2. DAMAGES—MEDICAL EXPENSES—REMITTITUR—VERDICT—DISCRE-
TION.

*Entry of an order requiring remittitur was an abuse of discretion
where the jury verdict awarding damages for medical expenses
to the father of an injured child was not unreasonable consider-
ing today's high medical costs and the fact that the injured
child would require foreseeable future accident-related medical
treatment; there is nothing to indicate that the verdict was
reached as a result of passion, prejudice, mistake of law or of
fact, or that it amounts to an injustice to defendants or is
contrary to the evidence.*

Appeal from Wayne, Robert Crary, Jr., J. Sub-
mitted Division 1 May 13, 1974, at Detroit. (Docket
No. 14407.) Decided October 21, 1974. Leave to
appeal granted, 393 Mich 785.

Complaint by Joel J. Tarver, Jr., for himself and
as next friend of Joel J. Tarver, III, against the
City of Detroit for damages for negligence. Judg-
ment for plaintiffs, and an order of remittitur as to

REFERENCES FOR POINTS IN HEADNOTES
[1] 22 Am Jur 2d, Damages § 366.
[2] 22 Am Jur 2d, Damages § 365.

the verdict for Joel J. Tarver, Jr. Both parties appeal. Affirmed.

*Liberson, Fink, Feiler, Crystal & Burdick, P. C.,* for plaintiffs.

*D. James Barton,* for defendant.

Before: BRENNAN, P. J., and R. B. BURNS and R. L. SMITH,* JJ.

R. L. SMITH, J. Plaintiff Joel Julius Tarver, III, was injured when he was struck by a garbage truck operated by the defendant municipality. An action to recover for his personal injuries and the medical expenses incurred by his father resulted in a jury verdict of $10,000 for the boy and $5,000 for the father. The defendant's motion for a new trial, or, in the alternative, for a *remittitur* was denied as to the minor's verdict but the trial court ordered a *remittitur* to $1,506.50 by the father. From this order and the denial of the motion, both parties appeal.

The defendant municipality's contention that the trial court erred by denying the motion for a new trial because the verdict was against the weight of the evidence and excessive cannot be sustained. *Cleven v Griffin,* 298 Mich 139; 298 NW 482 (1941); *Morgan v Engles,* 13 Mich App 656; 164 NW2d 740 (1968).

The evidence and testimony presented by the plaintiffs indicated that the total medical expenses, including future treatment, would reach $1,834. The jury's verdict of $5,000 was not within the range of the testimony presented; the trial court did not abuse its discretion in requiring the

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

*remittitur. Dillard v Braunstein,* 32 Mich App 216, 219; 188 NW2d 203 (1971).

It appears, however, that the lower court made a minor miscalculation when computing the total of the various medical bills introduced by the plaintiffs. The correct total is $1,834. Therefore, the order of the trial court is amended to reflect this figure. GCR 1963, 820.1.

Affirmed. No costs, neither party having prevailed in full.

R. B. Burns, J., concurred.

V. J. Brennan, P. J. *(concurring in part, dissenting in part).* I concur with my colleagues on the first issue—that is, the question of whether there was sufficient evidence to sustain the verdict of $10,000 for the child. The record does, in fact, support this.

On the second issue concerning the order requiring *remittitur,* I feel the court erred.

The record is somewhat confusing as to actual medical costs to the father; however, there was proof which listed medical bills totaling approximately $1,264. Also, that in the future there were foreseeable medical costs to be incurred in order to continue the accident-related medical treatment for the child.

With today's high medical costs I cannot say the award of $5,000 was unreasonable. Also, the jury, no doubt, considered all of these factors in setting this amount which would adequately cover the medical expenses.

I would rely on *Majewski v Nowicki,* 364 Mich 698, 700; 111 NW2d 887 (1961), which involved the issue of *remittitur,* wherein the Supreme Court said:

"There is nothing to indicate that the verdict was reached as a result of passion, prejudice, mistake of law or of fact, or that it amounts to an injustice to defendants or is contrary to the evidence. We can only conclude that the entering of an order requiring remittitur constituted an abuse of discretion."

Therefore, I would conclude that the court here did abuse its discretion and that the verdict of $5,000 for the father should be reinstated.